Levy, Appellant, *v.* Morrissey, Judge, Appellee.

[Cite as Levy *v.* Morrissey (1986), 25 Ohio St. 3d 367.]

(No. 85-942—Decided August 13, 1986.)

*Robert A. Levy,* pro se.

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Brian E. Hurley,* for appellee.

*Per Curiam.* The relator-appellant contends that respondent-appellee's failure to properly notify him of the September 15, 1982 dismissal of his original complaint, and the October 15, 1984 dismissal of his Civ. R. 60(B)(5) motion, effectively precluded any opportunity for him to properly mount an appeal of either decision within the requisite time

frame. Accordingly, appellant asks this court to issue the writ of mandamus and direct the court of appeals to grant him leave to appeal appellee's final judgment denying his Civ. R. 60(B)(5) motion filed on October 11, 1984.

Appellee proposes that the within writ should be dismissed on the grounds that appellant did not avail himself of an appeal to the court of appeals.

As a preliminary matter, the propriety of the relief sought by appellant should be reviewed. In the first place, the court of appeals is not a party to the cause *sub judice.* Secondly, mandamus may not issue in order to compel judicial discretion. R.C. 2731.03. Thus, this court may not compel the court of appeals to grant appellant leave to appeal the denial of his Civ. R. 60(B)(5) motion.

In analyzing appellant's arguments, it becomes apparent that he has focused on the wrong judicial proceeding upon which to base his complaint for a writ of mandamus. Appellant asserts that the appellee's failure to issue timely notification of the dismissal of his Civ. R. 60(B)(5) motion nullified any right of appeal. However, this court has recently noted that "* * * no provision in Ohio law or rule of civil or appellate procedure requires that a party be given actual notice of the filing of a judgment entry." *Americare Corp.* v. *Misenko* (1984), 10 Ohio St. 3d 132, 134. In *Americare,* we also concluded that a local court rule requiring a court to notify the parties upon the journalization of a judgment, which is similar in content to the relevant local rule in the instant cause (Loc. R. 17 of the Court of Common Pleas of Hamilton County), did not require the issuance of actual notice. *Id.* at 133. Accordingly, the fact that appellant was not informed of appellee's ruling does not relieve him of the duty to file an appeal of that ruling within thirty days of the journalization of the judgment entry.

The foregoing analysis notwithstanding, it does appear that appellant has a basis upon which to bring the instant mandamus action. Upon a careful review of the record, we find that appellee's original dismissal of appellant's action on September 15, 1982 for lack of prosecution was accomplished without any prior notice to appellant. Pursuant to Civ. R. 41(B)(1), such a dismissal requires prior notice to plaintiff's counsel or plaintiff. *Svoboda* v. *Brunswick* (1983), 6 Ohio St. 3d 348; *Perotti* v. *Ferguson* (1983), 7 Ohio St. 3d 1. In fact, in *Svoboda, supra,* at 350, this court stated that "* * * [i]t was an abuse of discretion by the trial court to dismiss this action for want of prosecution where notice was not given to the plaintiff, or to plaintiff's counsel, prior to dismissal that the action would be dismissed."

Therefore, we believe that the September 15, 1982 dismissal of appellant's original action for lack of prosecution without prior notice to appellant, who was apparently acting *pro se* at the time, constitutes an abuse of discretion on the part of appellee.

Accordingly, in view of the fact that appellant's original action was wrongfully dismissed under Civ. R. 41(B)(1), we reverse the judgment of the court of appeals and allow the issuance of a writ of mandamus to compel the trial court to reactivate appellant's original claim (case No. A-756855).

*Judgment reversed
and writ allowed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

DOUGLAS J., dissents.