## Cook
### v.
### Transamerican Ins. Services
*[Cite as 8 AOA 683]*

*Case No. CA90-03-051*
*Butler County, (12th)*
*Decided November 19, 1990*

*Ingolf R. Dinklage, 333 West First Street, Suite 236, Dayton, Ohio 45402, for Plaintiff-Appellant.*

*James H. Scheper, Baden, Jones & Scheper, 222 High Street, Suite 300, Hamilton, Ohio 45011, for Defendants-Appellees, Transamerica Insurance Services and Bloss & Dillard, Inc.*

*John G. Witherspoon, Jr., Freeze, Freeze & Arnold, 1800 Dayton Arcade Centre, One South Main Street, Dayton, Ohio 45402, for Defendant-Appellee, Swartzel Affiliated Insurance Service.*

*Per Curiam.*

This cause came on to be heard upon a notice of appeal, the transcript of the docket and journal entries, the transcript of proceedings and original papers from the Butler County Court of Common Pleas, and upon the briefs and oral arguments of counsel. Now, therefore, the assignments of error having been fully considered are passed upon in conformity with App. R. 12(A) as follows:

Plaintiff-appellant, Lawrence Cook, appeals an order of the Butler County Court of Common Pleas dismissing his complaint against defendants-appellees, Transamerica Insurance Services, Bross & Dillard, Inc., and Swartzel Affiliated Insurance Services, with prejudice.

On November 21, 1988, Cook filed a complaint against Transamerica and Bross & Dillard seeking to recover insurance proceeds for losses incurred during a fire. On May 25, 1989, he filed an amended complaint adding Swartzel Affiliated as a defendant.

Subsequently, Cook's counsel of record, Gregory Pratt, filed a motion to withdraw. A hearing on the motion was held on December 5, 1989. Cook was not present at the hearing. Pratt informed the court that he had mailed a copy of the motion, which included notice of the hearing date and time, to Cook and that Cook was aware of the hearing date. Pratt also indicated that he had advised Cook "that if he wished to be present [at the hearing] and had an opinion to express *** that he should be here." The trial judge then stated "[m]y instructions were that he was to be here. He doesn't know that he was to be here?" Pratt responded "I think it's fair to say that he knows that he should be here and has every right to be here. I wasn't aware that he had to be here, Your Honor."

The trial court granted Pratt's motion to withdraw. The court instructed Pratt to mail Cook a copy of the motion to withdraw with a cover letter, to be filed of record, notifying Cook that the case would be set for a report which he would be required to attend. Pratt complied with the court's order.

On December 26, 1989, a copy of a document entitled "Order on Assignment for Report" was sent to Cook. It stated that the case was set for report on February 8, 1990, and that "MR. COOK MUST APPEAR OR CASE WILL BE DISMISSED." However, Cook failed to appear and the trial court

dismissed the case with prejudice. This appeal followed.

Cook presents three assignments of error for review. In his first assignment of error, he contends that the trial court erred in dismissing his case. He argues that the record does not show a failure to prosecute or to abide by the prior orders of the court. He also argues that he was not given proper notice or an oppor-tunity to explain his failure to appear at the hearing. We find this assignment of error to be well-taken.

Civ. R. 41(B) governs involuntary dismissals. Specifically, Civ. R. 41(B) (1) deals with dismissals for failure to prosecute. It provides:

"Where the plaintiff fails to prosecute, or comply with these rules or any court order, *the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel,* dismiss an action or claim." (Emphasis added.)

It is within the discretion of the trial court to dismiss an action for lack of prosecution. Accordingly, appellate review of a dismissal is confined solely to determining whether the trial court abused its discretion. *Pembauer v. Leis* (1982), 1 Ohio St. 3d 89, 91.

However, pursuant to the plain language of Civ. R. 41(B) (1), a condition precedent to dismissal of an action for failure to prosecute is notice to the plaintiff or plaintiff's counsel of the court's intention to dismiss. Notice is an absolute prequisite for dismissal for failure to prosecute. *Perotti v. Ferguson* (1983), 7 Ohio St. 3d 1, 2-3; *Drescher v. Summers* (1986), 30 Ohio App. 3d 271, 272. The Ohio Supreme Court has consistently held that it is an abuse of discretion to dismiss an action for failure to prosecute where no notice is given to the plaintiff or to plaintiff's counsel, that the case would be dismissed. See *e.g. Levy v. Morrissey* (1986), 25 Ohio St. 3d 367, 368; *Svoboda v. Brunswick* (1983), 6 Ohio St. 3d 348, 350. The purpose of this notice requirement is to afford the plaintiff the opportunity to "explain or correct [any] nonappearance" or to show why the case should not be dismissed. See also, *Ford Motor Credit Co. v. Potts* (1986), 28 Ohio App. 3d 93, 95; *Metcalf v. Ohio State Univ. Hosp.* (1981), 2 Ohio App. 3d 166, 167. It also "reflects a basic tenet of Ohio jurisprudence that cases should be decided on their merits." *Perotti, supra,* at 3.

The issue in this case revolves around the sufficiency of the notice afforded to Cook. He argues that he was not given the opportunity to explain why he failed to appear at the February 8, 1990 hearing. We agree. Cook relies upon *Svoboda, supra,* in which the plaintiff filed a negligence suit on September 15, 1980. On October 3, 1980, plaintiff's counsel withdrew from the case. At the plaintiff's request, the trial judge granted him thirty days to obtain new counsel. Sometime after the expiration of the thirty days, the judge telephoned the plaintiff, urging him to obtain counsel and advising him that if he did not, the case would be .dismissed. On February 24, 1981, the judge informed the plaintiff by letter that the case would be dismissed if he did not contact the court within ten days. The plaintiff, still without counsel and then residing in Florida, did not respond. The court dismissed the case with prejudice on March 4, 1981. The Ohio Supreme Court reversed, stating:

"In the case at bar there was no 'motion' by the defendant or by the court pertaining to dismissal under Civ. R. 41(B) (1), or any 'court order' within the meaning of such rule with which the plaintiff failed to comply. Furthermore, when the court proceeds under Civ. R. 41(B) (1) on its own motion to dismiss, it can do so only 'after notice to the plaintiff's counsel' or to plaintiff. No such notice was given by the trial court. *** It was an abuse of discretion by the trial court to dismiss this action for want of prosecution where notice was not given to the plaintiff, or to plaintiff's counsel, prior to dismissal that the action would be dismissed. ***" (Citations omitted.) *Id.* at 350.

Similarly, in the present case, there was no "motion" by the defendants or the court pertaining to the dismissal and there was no proper notice. Cook failed to appear at the December 5, 1989 hearing on Pratt's motion to ·withdraw. There is no order in the record setting the case for a hearing on December 5, nor is there an order requiring the parties to be present. The court indicated that "[m]y instructions were that [Cook] was to be here." Nevertheless, Pratt stated that he was not aware of that instruction and had not so advised his client. Therefore, there was no notice to Cook that he was required to be at that hearing.

As to the report set for February 8, 1990, the "Order on Assignment for Report" states that "Mr. Cook must appear or case will be dismissed." Cook argues that this was not an effective order because it was not signed by the trial judge. See *State v. Herder* (1979), 65 Ohio App. 2d 70, 74. We need not reach this issue, however, as we do not believe this "order" provides the type of notice contemplated by Civ. R. 41(B) (1). At that point, Cook had not failed to comply with any court order nor had he failed to prosecute his case. The record reveals that at that time, the court was aware that Cook was seeking other counsel. The statement on the "Order on Assignment" was not a "motion" of the court as contemplated by the rule. Further, since at that point there had been no failure to prosecute, an anticipatory notice was inappropriate, as indicated by *Svoboda, supra*. Cook was given no opportunity to "correct his nonappearance" or to explain his absence from the February 8 hearing. The appropriate procedure would have been for the court to file a proper entry following the February 8 hearing notifying Cook that his case would be dismissed if he did not adequately explain his absence.

We hold that the trial court abused its discretion by dismissing the case without giving Cook an opportunity to explain his failure to appear. Accordingly, Cook's first assignment of error is sustained.

In his second assignment of error, Cook states that the court erred by signing the order of dismissal without first circulating the order to him. He argues that pursuant to the court's local rules, the order should have been circulated to him so that he would be afforded an opportunity to object to its wording. We find this assignment of error is not well-taken.

Cook relies on Loc. R. 3.15(c) of the Court of Common Pleas of Butler County, which provides in pertinent part:

"Every judgment, order or decree other than those prepared in accordance with Section 3.06(f) or (g) shall be submitted by the prevailing party to the opposing party or counsel who shall approve and return the same for filing to the prevailing party or his counsel within fourteen (14) days after mailing unless the party or counsel within that time requests a hearing by the Court to resolve any differences in the wording."

Appellees argue that this section of the local rules does not apply to the order of dismissal. We need not reach that question because we find that if there was any error, Cook was not prejudiced. "In order to support reversal of a judgment, the record must show affirmatively not only that the error intervened but that such error was to the prejudice of the party seeking such reversal." *Smith v. Flesher* (1967), 12 Ohio St. 2d 107, paragraph one of the syllabus. The trial court had already decided to dismiss the case with prejudice. We fail to see how the trial court's failure to give Cook an opportunity to object to the wording prejudiced him or affected his substantial rights. See Civ. R. 61. Cook argues that if he had seen the order, he could have voluntarily dismissed the case without prejudice prior to the time the order was entered. We find no merit to this argument as Cook always had the opportunity to voluntarily dismiss his case regardless of whether he saw the order. Accordingly, his second assignment of error is overruled.

In his third assignment of error, Cook states that the trial court abused its discretion in dismissing the case with prejudice. He argues that his conduct was not so egregious as to require the drastic remedy of dismissal with prejudice. We find this assignment of error to be well-taken.

A court should not order a dismissal with prejudice unless the plaintiff's conduct is so "negligent, irresponsible, contumacious, or dilatory as to provide substantial grounds" for such a dismissal. *Willis v. RCA Corp.* (1983), 12 Ohio App. 3d 1, 2; *Schreiner v. Karson* (1977), 52 Ohio App. 2d 219, 223. "Dismissal with prejudice for nonappearance is a drastic remedy which should be used sparingly and in extreme situations." *Willis, supra*, at 2. Lesser sanctions than a dismissal with prejudice should be applied when possible. *Schreiner, supra*, at 223. We do not find Cook's conduct to be so negligent, irresponsible or dilatory as to warrant the extreme sanction of dismissal with prejudice. Accordingly, his third assignment of error is sustained.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed in part and reversed in part and this cause is

remanded for further proceedings according to law and not inconsistent with this decision.

JONES, P.J., HENDRICKSON and KOEHLER, J.J., concur.