OPINION
{¶ 1} Appellant, Genesis Outdoor Advertising, Inc., appeals the judgment entered by the Geauga County Court of Common Pleas. The trial court dismissed appellant's appeal of the administrative decision from appellee, Troy Township Board of Zoning Appeals ("the BZA").
 {¶ 2} Appellant wanted to erect a billboard on a piece of property in Troy Township. However, a Troy Township zoning ordinance prohibited the erection of billboards. Appellant sought a zoning variance with the BZA. The BZA denied appellant's request for a variance. Following the decision of the BZA, appellant had thirty days to appeal the decision to the common pleas court.[1] Appellant filed its notice of appeal within thirty days, naming the BZA as the only appellee.
 {¶ 3} The BZA filed a transcript on July 18, 2001, pursuant to R.C. 2506.02. This transcript contained documents before the BZA at the time of the hearing, including appellant's initial request for a variance.
 {¶ 4} On August 9, 2001, the trial court issued a judgment entry, setting forth a case management order. The entry provided that: (1) appellant's brief was due September 4, 2001; (2) the BZA's brief was due October 4, 2001; (3) appellant's reply brief was due October 19, 2001; and any motions for an evidentiary hearing were to be filed by August 24, 2001.
 {¶ 5} Nothing was filed with the trial court until September 17, 2001, when appellant filed a motion to admit additional evidence and for a trial de novo. Thereafter, on September 27, 2001, the BZA filed a motion to dismiss. In a single judgment entry, the trial court denied appellant's motion and granted the BZA's motion to dismiss. Appellant timely appealed the trial court's judgment to this court.
 {¶ 6} The BZA's motion to dismiss set forth two distinct reasons in support of dismissing the administrative appeal. However, the trial court's original judgment entry did not provide its reasons for granting the BZA's motion to dismiss. Thus, this court remanded this matter to the trial court for the court to state its reasons for granting the BZA's motion to dismiss. In a nunc pro tunc judgment entry, the trial court stated its reasons were (1) the BZA was not a proper party and (2) appellant disregarded a prior order of the trial court by not timely filing a request for an additional evidentiary hearing and failing to file its merit brief on time.
 {¶ 7} Appellant raises the following assignment of error:
 {¶ 8} "It was error to dismiss the administrative appeal filed in this case since no transcript of the evidence was prepared and filed by the appellee."
 {¶ 9} Prior to addressing the merits of appellant's argument, we must consider whether the matter before us is a final appealable order. Both of the trial court's judgment entries, the original entry appealed to this court and the nunc pro tunc entry, state that the action is dismissed without prejudice.
 {¶ 10} Generally, "[a] dismissal for failure to prosecute is an involuntary dismissal and is deemed to be a dismissal on the merits and, thus, a final appealable order unless the court expressly states otherwise."[2] Here, the trial court expressly stated the action was dismissed without prejudice. However, this action was an administrative appeal, rather than an original action. R.C. 2505.07 requires that an administrative appeal be filed within thirty days of the administrative decision. After the matter was dismissed, appellant could not refile its appeal, as the thirty-day deadline was long past. A similar situation occurred in McCann v. Lakewood, wherein the Eighth Appellate District held that the inclusion of the term "without prejudice" in a judgment entry dismissing an administrative appeal is an oxymoron.[3] The Tenth Appellate District has also held that the dismissal of an administrative appeal is a final appealable order when the action cannot be re-filed, regardless of the inclusion of "without prejudice" language.[4] We agree. In the case sub judice, since the judgment entry effectively dismissed the case with prejudice, the entry was a final appealable order.
 {¶ 11} Next, we will address whether a proper transcript was filed with the trial court. Appellant filed a praecipe requesting the BZA to prepare and file the transcript. The BZA filed the transcript on July 18, 2001, within forty days of the notice of appeal, as required by R.C.2506.02.
 {¶ 12} On appeal to this court, appellant asserts the transcript filed by the BZA did not contain all of the evidence from the hearing before the BZA. Appellant argues that it is entitled to a trial de novo, pursuant to R.C. 2506.03, because the transcript is incomplete.
 {¶ 13} At the trial court level, appellant did not timely object to the transcript filed with the court. The only instance where appellant expressed its concern with the transcript was in its motion filed September 17, 2001. However, the trial court's case management entry expressly provided that any requests for a trial de novo or to submit additional evidence were to be filed by August 24, 2001. Appellant did not meet this deadline.
 {¶ 14} Since appellant failed to timely object to the alleged insufficiency of the transcript at the trial court level, it has waived this argument on appeal.[5] Further, as set forth in our subsequent analysis, the trial court was justified in dismissing the action prior to holding a trial de novo.
 {¶ 15} One reason the trial court dismissed the case was due to appellant's failure to timely file its request for an evidentiary hearing and its similar failure to timely file its merit brief. Essentially, the trial court found that appellant failed to prosecute the administrative appeal.
 {¶ 16} Dismissal of an action for failure to prosecute is governed by Civ.R. 41(B)(1), which states:
 {¶ 17} "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 18} The decision to dismiss an action for failure to prosecute is within the trial court's discretion.[6] A reviewing court is limited to determining whether the trial court abused its discretion.[7] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[8]
 {¶ 19} Appellant failed to comply with the trial court's August 9, 2001 judgment entry. Specifically, appellant filed its request to submit additional evidence and for a trial de novo on September 17, 2001, twenty-four days after the court-imposed due date. Additionally, while appellant's merit brief was due September 4, 2001, appellant never submitted a brief. Moreover, appellant did not request an extension for either of the deadlines.
 {¶ 20} Courts have held that Civ.R. 41(B)(1) requires that the trial court give the plaintiff notice of its intention to dismiss an action prior to a sua sponte dismissal.[9] However, courts have suggested that the notice requirement does not apply when dismissal is based on a motion filed by a defendant.[10] We agree with this analysis and hold that the court is not required to provide notice when dismissing a case after a motion has been filed by a defendant. This is because the motion, in itself, serves as notice of the pending possibility of a dismissal. The purpose of notice is to provide the plaintiff an opportunity to explain or correct any inaction and to explain why the action should not be dismissed.[11] Appellant was put on notice of the pending motion to dismiss when it was filed by the BZA on September 27, 2001. Appellant did not file a response. The trial court dismissed the action on October 17, 2001.
 {¶ 21} Appellant failed to comply with a court order. Appellant was given notice of the pending motion to dismiss and failed to respond. Therefore, the trial court did not abuse its discretion by dismissing the action.
 {¶ 22} The second reason the trial court provided in support of its decision to dismiss the matter was that the BZA was not a proper party. "Technically, the proper party to name as the appellee would have been the zoning inspector or the township trustees."[12]
 {¶ 23} "Admittedly, the board does represent the interest that the public has in having appeals correctly heard and decided and in having proper authorizations in such appeals for variances from the terms of the zoning resolution. However, it does not follow that the board or any of its members as such may become partisans when one of its decisions is questioned on an appeal to a court. Sufficient partisan representation of any interest of the public in warding off appellate attacks on the decisions of the board can be furnished either by the administrative officer, from whose decision an appeal to the board is authorized by statute, or by `any person aggrieved or by any officer of the township (other than members of the board as such) affected by any decision of the administrative officer.' If no one appeals to the board from a decision of an administrative officer, then the decision of the administrative officer stands. If a proper party does appeal, then a party so appealing is in a position which should enable satisfactory representation of interest of the public which may be adversely affected by the decision made by the administrative officer."[13]
 {¶ 24} R.C. 2505.04 sets forth the requirements for filing an appeal and states, in pertinent part:
 {¶ 25} "An appeal is perfected when notice of appeal is filed * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved."
 {¶ 26} When appealing from a decision from a board of zoning appeals, the appeal must be filed with the zoning board.[14] The requirement that notice of appeal be filed with the Board of Zoning Appeals does not make the BZA a party to the action. This requirement is similar to the requirement that in an appeal from a trial court, notice of appeal is filed with clerk of the trial court.[15] In addition, this filing requirement cannot be achieved by traditional service on a party.[16]
 {¶ 27} In many cases involving an appeal from a board of zoning appeals, the board of zoning appeals is named as a party along with the board of township trustees and the zoning inspector.[17] Presumably, these cases have proceeded due to the fact that an assistant prosecutor often represents the township trustees and/or the zoning inspector, in addition to the board of zoning appeals. Thus, moving to dismiss the board of zoning appeals would be relatively futile, as it would not conclude the entire case. However, in the case sub judice, appellant named only the BZA. Accordingly, once the BZA was dismissed, the entire case was dismissed. The trial court did not err by dismissing the case due to appellant's failure to name a proper party.
 {¶ 28} This court has previously suggested that a party's failure to name a proper party does not affect the perfection of the appeal.[18]
The Freedom Twp. case also involved a party naming a board of zoning appeals, rather than the zoning inspector or township trustees. In the case sub judice, appellant could have made an effort to amend the notice of appeal to name a proper party when it received the BZA's motion to dismiss. Pursuant to this court's holding in Freedom Twp., this would not have affected the perfection of the administrative appeal. However, as the trial court noted in its nunc pro tunc judgment entry, appellant has failed to do this. Likewise, had the trial court dismissed the matter solely for appellant's failure to name a proper party, a remand may have been appropriate to allow appellant leave to amend its notice of appeal to name a proper party. However, as discussed supra, the trial court also dismissed the case due to appellant's failure to prosecute the administrative appeal. Therefore, a remand is not appropriate.
 {¶ 29} There was a proper transcript filed in the trial court. Any objections to the transcript, on the grounds that it was incomplete, were not timely raised. Appellant failed to prosecute the administrative appeal by not complying with the trial court's case management entry. Finally, appellant failed to name the proper party in its administrative appeal. Thus, the trial court did not err by dismissing appellant's administrative appeal. Appellant's assignment of error is without merit.
 {¶ 30} The judgment of the trial court is affirmed.
Judgment affirmed.
DONALD R. FORD and DIANE V. GRENDELL, JJ., concur.
[1] R.C. 2505.07.
[2] McCann v. Lakewood (1994), 95 Ohio App.3d 226, 231, citing Civ.R. 41.
[3] McCann v. Lakewood, 95 Ohio App.3d at 231.
[4] Schmieg v. Ohio State Dept. of Human Serv. (Dec. 19, 2000), 10th Dist. No. 00AP-561, 2000 Ohio App. LEXIS 5949, at *7-8.
[5] See, e.g., Alberini v. Warren Twp. Bd. of Trustees (Nov. 17, 1989), 11th Dist. No. 4083, 1989 Ohio App. LEXIS 4291, at *5-6, citingVerplatse v. Verplatse (1984), 17 Ohio App.3d 99.
[6] Burch v. Akron Housing Appeals Bd. (Sept. 27, 1995), 9th Dist. No. 17201, 1995 Ohio App. LEXIS 4342, at *3, citing Pembaur v. Lewis (1982),1 Ohio St.3d 89, 91.
[7] Id.
[8] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[9] See Perotti v. Ferguson (1983), 7 Ohio St.3d 1, 2; Dlouhy v.Frymier (1993), 92 Ohio App.3d 156, 161; and Leonardi v. LaBrae Bd. ofEdn. (Dec. 23, 1994), 11th Dist. No. 94-T-5073, 1994 Ohio App. LEXIS 5823, at *4.
[10] See Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 350; Cook v.Transamerica Ins. Serv. (1990), 70 Ohio App.3d 327, 331.
[11] Leonardi v. LaBrae Bd. of Edn., supra, at *5, citing Cook v.Transamerica Ins. Serv., 70 Ohio App.3d at 331.
[12] Freedom Twp. Bd. of Zoning App. v. Bd. of Mental Retardation
(1984), 16 Ohio App.3d 387, 389, citing A. Dicillo Sons, Inc. v.Chester Zoning Bd. of App. (1952), 158 Ohio St. 302, 305-306.
[13] A. Dicillo Sons, Inc. v. Chester Zoning Bd. of App.
(1952), 158 Ohio St. 302, 305-306.
[14] Guysinger v. Chillicothe Bd. of Zoning Appeals (1990),66 Ohio App.3d 353, 356.
[15] App.R. 3(A).
[16] Leifheit v. Bd. of Zoning App. of Palmyra Twp. (June 22, 2001), 11th Dist. No. 99-P-0112, 2001 Ohio App. LEXIS 2804, at *7-8.
[17] See, e.g., Leifheit v. Bd. of Zoning App. of Palmyra Twp., supra.
[18] Freedom Twp. Bd. of Zoning App. v. Bd. of Mental Retardation,16 Ohio App.3d at 389.