JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant/cross-appellee, Rafael Badri ("Badri"), appeals the trial court's decision to dismiss with prejudice his complaint against defendant-appellee/cross-appellant, Mark Averbach ("Averbach"). Finding no merit to the appeal, we affirm.
 {¶ 2} In 2003, Badri filed a complaint against Averbach alleging that Averbach assaulted him during a 2002 traffic incident. In his complaint, Badri alleged that he sustained permanent injuries that interfered with his ability to perform his duties as a surgeon. Averbach filed a counterclaim alleging that it was Badri who assaulted him, breaking his finger.
 {¶ 3} During the following year, the parties agreed to stay discovery and attempted to reach a settlement. Settlement efforts failed, however, and the court set a trial date of June 6, 2005. The court also ordered Badri to file his expert report by April 15 and Averbach to file his expert report by May 23. On April 15, Badri moved for an extension of time to file his expert report.
 {¶ 4} On June 3, Averbach filed a motion to dismiss the complaint pursuant to Civ.R. 37 because Badri had failed to file his expert report. Also on June 3, Badri moved to continue the trial date, which the trial court immediately denied. Neither party submitted expert reports by the trial date. On June 6, the day of trial, Badri requested a continuance, which the court again denied. The trial court then determined that neither party was prepared for trial and dismissed the case with prejudice, including Averbach's counterclaim.
 {¶ 5} Badri now appeals, raising five assignments of error. Averbach also appeals, raising two assignments of error, which will be discussed together.
 {¶ 6} In his first assignment of error, Badri argues that the court erred because it did not provide adequate notice of the possibility of dismissal of his claim and because the court dismissed his claim with prejudice.
 {¶ 7} Civ.R. 37(B)(2) provides that a court may dismiss an action for a party's failure to comply with a discovery order. InToney v. Berkemer (1983), 6 Ohio St.3d 455, 458,453 N.E.2d 700, the Ohio Supreme Court held that, in order to impose the sanction of dismissal for a party's failure to respond to discovery requests, a court must find that failure to respond is due to willfulness, bad faith, or any fault of the party. SeeRusso v. Goodyear Tire Rubber Co. (1987), 36 Ohio App.3d 175,521 N.E.2d 1116. A trial court, however, is not required to use the terms "willfulness or bad faith" in a dismissal order, so long as such behavior can be established from the record. LJEL,Inc. v. Overland Transp. Systems, Inc. (Mar. 28, 1996), Franklin App. No. 95AP-1250.
 {¶ 8} Ohio Civ.R. 41(B) governs involuntary dismissals. Civ.R. 41(B)(1) states that "where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 9} The Ohio Supreme Court has held that a trial court's decision to dismiss an action pursuant to Civ.R. 41(B)(1) will not be overturned on appeal absent an abuse of its discretion.Ina v. George Fraam Sons, Inc. (1993), 85 Ohio App.3d 229,231, 619 N.E.2d 501. An abuse of discretion is more than a mere error in judgment but connotes an attitude that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 10} Notice is an "indispensible prerequisite" for a dismissal for failure to prosecute. Perotti v. Ferguson (1983),7 Ohio St.3d 1, 2-3, 454 N.E.2d 951, 952. It constitutes an abuse of the court's discretion to dismiss an action for failure to prosecute where no notice is given to the plaintiff or his counsel. Levy v. Morrissey (1986), 25 Ohio St.3d 367, 368;496 N.E.2d 923. The purpose of the notice requirement is to afford the plaintiff the opportunity to "explain or correct [any] nonappearance" or to show why the case should not be dismissed.Cook v. Transamerica Ins. Servs. (1990), 70 Ohio App.3d 327,330, 590 N.E.2d 1382. In Quonset Hut, Inc. v. Ford Motor Co.
(1997), 80 Ohio St.3d 46, 684 N.E.2d 319, the Ohio Supreme Court held that the notice requirement of Civ.R. 41(B)(1) is satisfied "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." "[T]he notice required by Civ.R. 41(B)(1) need not be actual but may be implied when reasonable under the circumstances." Id., citing Logsdon v. Nichols (1995),72 Ohio St.3d 124, 129.
 {¶ 11} Cuyahoga County Local R. 21.1(B) states in pertinent part that "[a] party may not call an expert witness to testify unless a written report has been procured from said witness and provided to opposing counsel"; and under subsection (C) all experts must submit reports. The trial court has discretion to determine whether parties are in compliance with Loc.R. 21.1, and its orders will not be reversed absent a showing of an abuse of discretion. Pang v. Minch (1990), 53 Ohio St.3d 186,559 N.E.2d 1313, paragraph one of the syllabus; Furcello v. Klammer
(1980), 67 Ohio App.2d 156, 426 N.E.2d 187, paragraph one of the syllabus. When the court requires expert reports and a party fails or refuses to file such report, the court may dismiss the action pursuant to Civ.R. 41(B)(1). Rice v. Johnson (Aug. 26, 1993), Cuyahoga App. No. 63648.
 {¶ 12} Badri alleged in his complaint that he suffered permanent injuries as a result of Averbach's actions. The issue of a causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by an expert opinion. Darnell v. Eastman
(1970), 23 Ohio St.2d 13, 17, 261 N.E.2d 114.
 {¶ 13} In the instant case, it is undisputed that Badri failed to file an expert report and, therefore, pursuant to Loc.R. 21.1, had trial commenced on June 6, his expert would not have been allowed to testify. Badri concedes that he had notice of Averbach's motion to dismiss; however, he argues that the notice was insufficient. To the contrary, we find that Badri had adequate notice and, further, that the lower court held a full hearing regarding the motion on the date set for trial. At the end of the hearing, Averbach's counsel moved to dismiss the entire case with prejudice because neither party had produced an expert report. Badri's counsel raised no objection to such dismissal nor did he suggest that he needed more time to respond to Averbach's motion to dismiss. Badri's counsel also never argued that he could proceed to trial without an expert. Thus, we find he had a reasonable opportunity to defend against dismissal.
 {¶ 14} Badri also claims that it was error for the trial court to dismiss his complaint with prejudice without considering less restrictive sanctions. First, we note that the court granted the motion to dismiss for failure to prosecute, not as a discovery sanction. Second, the complaint in this case was filed in October 2003. Badri twice failed to appear for his scheduled deposition. He also waited until the April 15, 2005, deadline to seek an extension to file his expert report and, in that motion, he failed to inform the court when he could produce the report.
 {¶ 15} The week prior to trial, the court denied Badri's motion to continue. Badri then appeared for trial without the necessary expert report. He was given a full hearing and the opportunity to be heard on the record before the dismissal. We cannot ignore the fact that on the day of trial, Badri asked only for a continuance of trial. He neither requested more time to respond to the motion to dismiss nor objected to Averbach's motion to dismiss the case with prejudice.
 {¶ 16} We also note that Badri filed no less than six motions on the day of trial, none of which opposed the motion to dismiss. Therefore, we find specious Badri's argument that he did not have adequate notice of the motion to dismiss.
 {¶ 17} Although a review of the record reveals that counsel for both parties met with the judge in chambers prior to the hearing, we are bound by the record and cannot presume what was said in chambers, off the record. On the record, it is clear that Badri merely requested a continuance, which the court denied. He failed to preserve his objection to the motion to dismiss with prejudice for failure to prosecute. Therefore, we find no abuse of discretion in the court's dismissal with prejudice and overrule the first assignment of error.
 {¶ 18} In Badri's remaining assignments of error, he argues that the trial court erred in denying various motions and in denying his motion to continue the trial.[1] Because we find that the dismissal with prejudice was warranted, we find the remaining issues are moot.
 {¶ 19} Concerning the cross-appeal, Averbach argues in his two assignments of error that the trial court erred in dismissing his counterclaim with prejudice.
 {¶ 20} In his brief, Averbach states that if we "for any reason reverse the decision of the trial court in dismissing [Badri's] complaint, for the very same reasons as articulated by [Badri], and in the interest of substantial justice, [this court] must likewise reverse the dismissal of the counterclaim." Averbach, therefore, is urging that his assignments of error be sustained only if we reverse the dismissal of Badri's claims. Because we are affirming the trial court's dismissal, we need not address Averbach's argument.
 {¶ 21} Therefore, we find that the trial court did not abuse its discretion in dismissing Averbach's counterclaim and overrule his first and second assignments of error.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kenneth A. Rocco, J. and Christine T. McMonagle, J. concur
 Appendix — Appellant's Assignments of Error
2. "The trial court erred in denying plaintiff's motion to exclude testimony of Clarissa Carter, D.C., due to failure to provide relevant documents prior to scheduled deposition testimony of defendant's witness."
3. "The trial court abused its discretion when it failed to grant a continuance to facilitate the presentation of an expert witness and to allow for the completion of discovery by the plaintiff, resulting in the dismissal of plaintiff's claim."
4. "The trial court erred in the denial of motion compelling discovery [and that decision] was an abuse of the trial court's discretion and was such as to the prejudice the plaintiff and to embrace the stonewalling tactics of the defendant."
5. "The trial court erred in denying plaintiff's motion to exclude the testimony of unidentified Shaker Heights police [officers] for failure on the part of the defendant to identify the officers which defendant intended to call at trial."
[1] See appendix.