**[Cite as *Kidwell v. White Picket Properties, L.L.C.*, 2020-Ohio-202.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Josh Kidwell, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 19AP-374 |
| v. | : | (M.C. No. 18CV-16495) |
| White Picket Properties, LLC et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on January 23, 2020

**On brief:** *Poynter Law Firm, LLC*, and *Angel V. Poynter*, for appellant. **Argued:** *Angel V. Poynter*.

**On brief:** *Stephen H. Dodd*, for appellees. **Argued:** *Stephen H. Dodd*.

APPEAL from the Franklin County Municipal Court

SADLER, P.J.

{¶ 1} Plaintiff-appellant, Josh Kidwell, appeals from a judgment of the Franklin County Municipal Court dismissing his complaint against defendants-appellees, White Picket Properties, LLC ("White Picket"), Duke Capital, Ltd. ("Duke"), and Alexander Stewart, with prejudice. For the reasons which follow, we reverse the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On May 7, 2018, appellant filed a complaint for money damages against White Picket and Duke. The complaint asserted claims for breach of warranty of habitability/rent abatement, constructive eviction, wrongful retention of security deposit,

breach of contract, and false advertising.  The complaint arose out of a landlord/tenant relationship between the parties.

{¶ 3}   White Picket owned certain real property located at 3279 Earncliff Drive, Columbus, Ohio ("the property").  Duke was the property manager for the property.  On March 9, 2018, appellant executed a lease agreement to rent the property for a two-year period and began occupying the property.

{¶ 4}   Appellant alleged in the complaint that he returned home to the property on March 29, 2018 to find a notice on the door stating "Danger Do Not Enter Unsafe to Occupy."  (Compl. at ¶ 15; Ex. D.)  Appellant attached to the complaint a March 21, 2018 "Notice of Unsafe Building" White Picket received from the city of Columbus.  (Compl., Ex. B at 1.)  The March 21, 2018 notice informed White Picket that the property had sustained fire damage, was "unsafe and dangerous to human life," and was to remain vacant until it was restored to a safe condition and received a certificate of occupancy.  (Compl., Ex. B at 1.)  Appellant alleged he was forced to vacate the property due to its uninhabitable condition.  In the fifth cause of action for false advertising, appellant asserted White Picket and Duke had violated Section 43(a) of the federal Lanham Act by advertising the property for rent.

{¶ 5}   On October 15, 2018, appellant filed a motion for leave to file an amended complaint instanter, which the trial court granted.  In the amended complaint, appellant added Stewart as a defendant alleging that Stewart owned both White Picket and Duke. Appellant amended the fifth cause of action by removing the reference to the Lanham Act and, instead, asserting appellees violated the Ohio Deceptive Trade Practices Act ("ODTPA") by marketing the property for rent.  Appellant attached additional exhibits to the amended complaint, including a December 15, 2017 addendum to the contract of sale for the property which stated the property was sold to White Picket "AS IS" and the seller would "not be providing Buyer(s) with a * * * Certificate of Occupancy with respect to the Property."  (Emphasis sic.)  (Am. Compl., Ex. G at 4.)

{¶ 6}   Appellant filed a motion for leave to file a second amended complaint on November 14, 2018.  In the proposed second amended complaint, appellant sought to amend the fifth cause of action again by removing the reference to the ODTPA and, instead, asserting appellees violated the Ohio Consumer Sales Practices Act by advertising the

property for rent.  Appellees filed a memorandum contra appellant's motion for leave to file a second amended complaint.

{¶ 7}   On November 20, 2018, appellant filed a motion to remove appellees' counsel from the case.  Appellant asserted appellees' counsel had violated Prof.Cond.R. 3.3 by falsely informing the court that "[a]t the time of purchasing the house at issue, his clients * * * had no idea that the house had no occupancy permit and had been declared uninhabitable by the City of Columbus."  (Mot. to Remove Counsel at 2.)  Appellant also alleged appellees' counsel "ha[d] a personal problem" with appellant's counsel.  (Mot. to Remove Counsel at 4.)  Appellees filed a memorandum contra appellant's motion to remove counsel.

{¶ 8}   The court overruled appellant's motion for leave to file a second amended complaint on November 29, 2018.  A pretrial hearing on the case was scheduled for March 6, 2019.

{¶ 9}   Appellant filed a motion for leave to file a third amended complaint on February 5, 2019.  The motion stated appellant sought to amend the fifth cause of action from "false advertising, to its more accurate form, fraudulent inducement."  (Mot. for Leave to File Third Am. Compl. at 2.)  Appellees filed a memorandum contra appellant's motion for leave to file a third amended complaint.  On February 19, 2019, appellees filed a motion seeking summary judgment on appellant's claim for false advertising under the ODTPA.

{¶ 10} On March 7, 2019, the trial court issued an entry overruling both appellant's motion to file a third amended complaint and appellees' motion for partial summary judgment.  Trial on the case was set for May 8, 2019.

{¶ 11} On April 30, 2019, appellees filed a motion to continue the trial date. Appellees noted in their motion for continuance that the court had "ordered [appellant's] Counsel to send copies of her billing invoices to [appellees'] Counsel for review" a few months prior and that appellant's counsel "ha[d] not provided those documents."  (Mot. for Continuance at 1, 2.)

{¶ 12} On May 8, 2019, appellees' counsel reiterated on the record his desire to continue the trial date.  The court asked appellant's counsel if the court had "indicate[d] at the" March 6, 2019 hearing[1] "that invoices were to be provided?"  (May 8, 2019 Tr. at 3.)

---

[1] The record does not contain a transcript of the March 6, 2019 hearing.

Appellant's counsel responded that the court had told her if she "wanted * * * anything added as damages, then [she] need[ed] to provide those to opposing counsel at [that] time." (May 8, 2019 Tr. at 3.)  However, appellant's counsel argued that "attorneys fees are to be taxed as costs, not added as damages."  (May 8, 2019 Tr. at 3.)  Appellant's counsel also noted that she did provide her billing invoices to appellees' counsel on May 6, 2019.  The court asked appellant's counsel why she waited so long to produce her billing invoices, and appellant's counsel responded that "[o]pposing counsel hadn't pressed for them."  (May 8, 2019 Tr. at 5.)  The court indicated it was going to dismiss the case.

{¶ 13} On May 10, 2019, the court issued an entry dismissing the complaint with prejudice.  The court noted that although it had "instructed" appellant's attorney "to provide discovery documents * * * during a previous hearing on March 6th, 2019," appellant's attorney did not produce the documents "until May 6th, 2019, two days prior to trial."  (May 10, 2019 Entry at 1.)  The court further noted appellant had amended his complaint, sought leave to file a second and a third amended complaint, and filed a motion to remove appellees' counsel.  As such, the court concluded appellant had "occasioned numerous delays preventing this case from going forward to trial."  (May 10, 2019 Entry at 2.)

## II.  ASSIGNMENT OF ERROR

{¶ 14} Appellant presents the following sole assignment of error for our review:

> The trial court erred by dismissing Plaintiff-Appellant's complaint, with prejudice.

## III.  ANALYSIS

{¶ 15} Appellant argues the trial court erred by failing to follow Civ.R. 41(B) in dismissing the case.  The court's stated reasons for dismissing the complaint were appellant's counsel's failure to timely produce her billing invoices and delays appellant caused in the proceedings.

{¶ 16} Civ.R. 41(B)(1) authorizes trial courts, "after notice to the plaintiff's counsel," to dismiss an action or claim "[w]here the plaintiff fails to * * * comply with these rules or any court order."  The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court.  *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47 (1997); *Geico Cas. Ins. Co. v. Durant-Baker*, 10th Dist. No. 13AP-573, 2014-Ohio-1530, ¶ 7.  However, " 'judicial discretion must be carefully -- and cautiously -- exercised before

this court will uphold an outright dismissal of a case on purely procedural grounds.' " *Quonset Hut* at 48, quoting *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 192 (1982). *Accord Sazima v. Chalko*, 86 Ohio St.3d 151, 158 (1999), quoting *Jones v. Hartranft*, 78 Ohio St.3d 368, 372 (1997) (observing the " ' "abuse of discretion" standard of review for dismissals with prejudice * * * is actually heightened' ").

{¶ 17} As the plain language of the rule demonstrates, the dismissal of a complaint pursuant to Civ.R. 41(B)(1) "requires prior notice to plaintiff's counsel." *Levy v. Morrissey*, 25 Ohio St.3d 367, 368 (1986), citing *Svoboda v. Brunswick*, 6 Ohio St.3d 348 (1983). A trial court abuses its discretion by dismissing an action pursuant to Civ.R. 41(B)(1) " 'where notice was not given to the plaintiff, or to plaintiff's counsel, prior to dismissal that the action would be dismissed.' " *Levy* at 368, quoting *Svodboda* at 350. *Accord Triplett v. Columbus*, 10th Dist. No. 94APE04-596 (Nov. 17, 1994) (holding the "[f]ailure to provide actual notice" pursuant to Civ.R. 41(B) "is not harmless error").

{¶ 18} Civ.R. 37(A) permits a party to file a motion for an order compelling discovery. Civ.R. 37(B) authorizes a court to impose a variety of sanctions if a party "fails to obey an order to provide or permit discovery." Civ.R. 37(B)(1). Possible sanctions include striking pleadings or dismissing the action in whole or in part. Civ.R. 37(B)(1)(a) through (g). "The selection of an appropriate sanction [under Civ.R. 37(B)] is a matter committed to the discretion of the trial court." *Bank One, Columbus NA v. O'Brien*, 10th Dist. No. 91AP-165 (Dec. 31, 1991). However, "the court must be particularly careful when it imposes the harsh remedies of dismissal and default," as "Ohio law favors the disposition of cases on their merits." *Id.*, citing *Toney v. Berkemer*, 6 Ohio St.3d 455 (1983), syllabus.

{¶ 19} The Supreme Court of Ohio has held that the "notice requirement of Civ.R. 41(B)(1) applies to *all* dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) [prior version of Civ.R. 37(B)(1)] for failure to comply with discovery orders." (Emphasis sic.) *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101 (1986). *Accord Bank One, Columbus NA* (observing that "[w]hen the sanction chosen by the trial court is a dismissal with prejudice pursuant to Civ.R. 37(B)(2)(c) the Supreme Court has imposed an additional hurdle, requiring that the court give the non-complying party advance notice of its intention to dismiss the action"). "A dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior notice." *Ohio Furniture Co.* at 101. Thus, the court

in *Ohio Furniture Co.* held that Civ.R. 41(B) and 37(B) "should be read *in pari materia* with regard to dismissals with prejudice." (Emphasis sic.) *Id.* at 101.

{¶ 20} "[F]or purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." *Quonset Hut* at 49. Indeed, the " 'purpose of notice' " under Civ.R. 41(B) "is to 'provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.' " *Id.* at 48, quoting *Logsdon v. Nichols*, 72 Ohio St.3d 124, 128 (1995). *Accord Ohio Furniture Co.* at 101 (stating the notice of intention to dismiss a case with prejudice "gives the non-complying party one last chance to obey the court order in full"); *Asres v. Dalton*, 10th Dist. No. 05AP-632, 2006-Ohio-507, ¶ 14, citing *Metcalf v. Ohio State Univ. Hosps.*, 2 Ohio App.3d 166, 167 (10th Dist.1981). *See Sazima* at 155, citing *Quonset Hut* at 48-49 (concluding "the fact that the defendant had filed a motion requesting the court to dismiss plaintiff's claim with prejudice constituted sufficient implied notice for purposes of Civ.R. 41(B)(1)").

{¶ 21} The record fails to demonstrate the trial court provided either appellant or appellant's counsel with notice of the court's intention to dismiss the complaint *sua sponte*. By failing to provide such notice, the court deprived appellant of the opportunity to correct its default or explain why the case should not be dismissed with prejudice. Accordingly, even if appellant's counsel caused delays in the proceedings, the court committed reversible error by dismissing the case without providing advance notice of its intention to dismiss the case. *Geico Cas. Ins. Co.* at ¶ 9 (observing that, "despite plaintiff's arguably dilatory conduct prior to the granting of the motion to dismiss, the trial court committed reversible error by failing to afford plaintiff notice of the possibility of dismissal").

{¶ 22} The court noted in its May 10, 2019 entry that it had "instructed" appellant's counsel to provide discovery documents to appellees' counsel at the March 6, 2019 hearing. (May 10, 2019 Entry at 1.) The record, however, does not contain any order compelling appellant to produce discovery documents. *See Infinite Sec. Solutions, L.L.C. v. Karam Props. II*, 143 Ohio St.3d 346, 2015-Ohio-1101, ¶ 29 (holding that "a court speaks only through its journal entries"). The sanctions identified in Civ.R. 37(B) "are provided for in the instance where a party fails to adhere to a court order. [Thus], a court order is a

prerequisite to the imposition of sanctions." *Davis v. Byers Circle Invest. Inc.*, 10th Dist. No. 89AP-878 (Mar. 29, 1990). *Accord Rains v. Dreisbach*, 10th Dist. No. 94APE04-494 (Dec. 22, 1994) (noting that, "[g]enerally, there must first be a motion for an order compelling discovery which is then violated before a party may seek sanctions for failure to make discovery"); *Johnson Controls v. Cadle Co.*, 11th Dist. No. 2006-T-0030, 2007-Ohio-3382, ¶ 22, 25. The Staff Notes to Civ.R. 37 note that, although "[n]ormally the discovery rules * * * do not require court orders," Rule 37(B) differs as it "applies to situations in which the court has made an order under Rule 37(A) or Rule 35 and a person or party has not complied with the order."

{¶ 23} As the trial court never issued an order compelling appellant to produce discovery, the court could not sanction appellant for failing to comply with a court order to provide discovery. Moreover, the record indicates appellant's counsel provided opposing counsel with her billing invoices, albeit two days prior to the scheduled trial date. *Compare Sazima* at 157 (observing that "once plaintiff's counsel has responded to the notice given pursuant to Civ.R. 41(B)(1) by complying with the trial court's outstanding order, the trial court may not thereafter dismiss the action or claim on the basis of noncompliance with that order").

{¶ 24} Accordingly, for the reasons stated, we agree with appellant that the trial court erred in dismissing the complaint without providing the advanced notice required by Civ.R. 41(B). Therefore, appellant's assignment of error is sustained.

## IV. CONCLUSION

{¶ 25} Having sustained appellant's sole assignment of error, the judgment of the Franklin County Municipal Court is reversed.

*Judgment reversed;*
*cause remanded.*

KLATT and LUPER SCHUSTER, JJ., concur.

_____