[Cite as *Smiley v. Cleveland*, 2016-Ohio-7711.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103987**

## SHER SMILEY

PLAINTIFF-APPELLANT

vs.

## CITY OF CLEVELAND

DEFENDANT-APPELLEE

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-832319

**BEFORE:** Stewart, P.J., S. Gallagher, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** November 10, 2016

**ATTORNEY FOR APPELLANT**

Alan I. Goodman
Alan I. Goodman Co., L.P.A.
55 Public Square, Suite 1300
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law

Connor P. Nathanson
Assistant City Prosecutor
City of Cleveland Law Department
601 Lakeside Avenue, Suite 106
Cleveland, OH 44114

MELODY J. STEWART, P.J.:

{¶1} Plaintiff-appellant Sher Smiley appeals a judgment of the trial court dismissing her complaint against the city of Cleveland, pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. Smiley argues that the trial court erred in dismissing her complaint against the city because the complaint alleges facts that invoke an exception to the political subdivision immunity statute. For the reasons that follow, we reverse the decision of the trial court.

{¶2} Smiley's complaint arises from events that took place on the evening of July 6, 2013, when Smiley was at the Cuddell Recreation Center, which is owned and managed by the city of Cleveland. Smiley slipped on a stainless steel strip, located on the floor between the pool area and a water park area, and fell. According to the complaint, Smiley was wearing water shoes while exiting the pool area, but took them off when a city employee, who was controlling the entrance to the water park area, instructed her to remove her shoes before entering. The complaint alleges that Smiley was wearing water shoes to prevent her from slipping in wet areas. The complaint further alleges that Smiley sustained injuries from the fall and that those injuries resulted in financial damages.

{¶3} The city answered the complaint and asserted numerous defenses including that it was immune from suit pursuant to Ohio's political subdivision immunity statute. A month later, the city filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). Smiley missed the deadline for opposing the motion and the trial court granted the motion to dismiss, noting that the motion went unopposed. Smiley filed a motion for relief from judgment along with a brief in support of the motion explaining why she missed the deadline for opposing the city's motion to dismiss. On the same day she filed her motion for relief from judgment, Smiley also filed a motion for leave to amend her complaint and attached the amended complaint. The amended complaint was substantially similar to the original complaint with the exception of a single added paragraph that clarified the negligence claim by stating that the employee was negligent in making Smiley remove her shoes when the employee knew that the water park area was dangerous when wet, and that it happened to be wet in that particular instance. The paragraph further stated that the employee's negligence caused or allowed a dangerous condition to be present.

{¶4} The court granted the motion from relief for judgment and gave Smiley an opportunity to oppose the motion to dismiss. However, the court did not grant the motion to amend the complaint, but rather dismissed the motion as moot. Following briefing and a hearing on the motion, the court once again granted the city's motion.[1]

---

[1] Typically, motions to dismiss under Civ.R. 12(B), must be asserted prior to filing a responsive pleading. *See* Civ.R. 12(B). Nevertheless, courts have discretion to review a belated Civ.R. 12(B)(6) as a Civ.R. 12(C) motion for judgment on the pleadings. *State ex rel. Midwest Pride*

{¶5} A Civ.R. 12(B)(6) motion to dismiss a complaint for failure to state a claim upon which relief can be granted tests the sufficiency of a complaint. In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6), it "'must appear beyond a doubt that the plaintiff can prove *no set of facts* in support of [her] claim that would entitle [her] to relief.'" (Emphasis added.) *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975), quoting *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14. It is important to note that Ohio has not adopted the heightened federal pleading standard outlined in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), which requires a plaintiff to plead sufficient facts that state a "plausible" claim for relief. *See Tuleta v. Med. Mut. of Ohio*, 2014-Ohio-396, 6 N.E.3d 106, ¶ 23-31 (8th Dist.). Instead, Ohio remains a notice pleading jurisdiction. *See id.* at ¶ 31. As such, the standard requires that a plaintiff can show "no set of facts" that entitle her to relief before a complaint is dismissed for failure to state a claim. *See id.* at ¶ 31.

---

*IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569, 664 N.E.2d 931 (1996); *see also* Civ.R. 12(H). The standard of review on Civ.R. 12(B)(6) and Civ.R. 12(C) motions is the same at both the trial and appellate levels. *See Mangelluzzi v. Morley*, 2015-Ohio-3143, 40 N.E.3d 588, ¶ 6-8 (8th Dist.).

**{¶6}** When discussing Ohio's pleading standard, this court has stated in the past that "'few complaints fail to meet the liberal [pleading] standards of Rule 8 and become subject to dismissal,'" and that "'the motion to dismiss is viewed with disfavor and should rarely be granted.'" *Id.* at ¶ 15, quoting *Slife v. Kundtz Properties, Inc.*, 40 Ohio App.2d 179, 182, 318 N.E.2d 557 (8th Dist.1974). When reviewing a complaint for failure to state a claim under 12(B)(6), "[t]he allegations of the complaint must be taken as true, and those allegations and *any reasonable inferences* drawn from them must be construed in the nonmoving party's favor." (Emphasis added.) *Antoon v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 101373, 2015-Ohio-421, ¶ 7. Appellate courts review the grant of a motion to dismiss de novo.[2] *Id.* at ¶ 7.

**{¶7}** In Ohio, political subdivision immunity is governed by R.C. Chapter 2744. This chapter sets forth a three-tiered analysis for determining whether a political subdivision is immune from liability for injury or loss to property. *See Rankin v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 118 Ohio St.3d 392, 2008-Ohio-2567, 889 N.E.2d 521, ¶ 8. The first tier of the analysis R.C. sets forth the general rule that political subdivisions are not liable in damages for causing personal injuries. R.C. 2744.02(A)(1) states:

---

[2] We review Smiley's original complaint only because the trial court did not grant her motion to amend the complaint, nor does she challenge the trial court's denial in this appeal.

For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death or loss to person or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

The second tier of the analysis considers whether any exceptions to immunity apply. *Rankin* at ¶ 18. R.C. 2744.02(B), lays out these general exceptions. If an exception applies, then, under the third tier in the analysis, immunity may be reinstated if the political subdivision can demonstrate the applicability of any of the defenses set forth in R.C. 2744.03. *Id.* at ¶ 27.

{¶8} Both Smiley and the city agree that the city is generally immune from liability under the first tier of the immunity analysis. The parties disagree however on whether Smiley pled sufficient facts, that when viewed in the light most favorable to Smiley, could support an argument that one of the exceptions to immunity under R.C. 2744.02(B) applies. Specifically, Smiley argues that the facts as pled in her complaint support the exception to immunity under subsection (B)(4), which states:

Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.

Although the city does not dispute that Smiley has alleged facts sufficient to support a finding that her injury occurred as a result of employee negligence, the city argues that Smiley's complaint fails to establish that there was a physical defect within or on the grounds of the water park that caused her injuries, thereby precluding application of the R.C. 2744.02(B)(4) exception to immunity. In support of its argument, the city points to this court's decision in *Duncan v. Cuyahoga Community College*, 2012-Ohio-1949, 970 N.E.2d 1092 (8th Dist.).

{¶9} In *Duncan*, the plaintiff-appellee, who was employed by the Bedford Heights Police Department, was injured while taking part in a required employee self-defense seminar that was provided and sponsored by Cuyahoga Community College (Tri-C). The plaintiff's injuries occurred when she was engaged in a self-defense simulation that involved her being knocked to the floor. The plaintiff alleged that her injuries were caused by a "defect" that appellants permitted to exist on the premises, thereby invoking the exception to immunity provided in R.C. 2744.02(B)(4). The only "defect" set forth in her complaint, however, was appellant's failure to use mats on the floor while conducting the self-defense class. This court, looking to other cases defining the term "physical defect" as a "perceivable imperfection that diminishes the worth or utility of the object at issue," concluded that a lack of mats on a floor did not constitute a defect within the meaning of R.C. 2477.02(B)(4). *See id.* at ¶ 26, quoting *Hamrick v. Bryan City School Dist.*, 6th Dist. Williams No. WM-10-014, 2011-Ohio-2572, ¶ 28. Accordingly, this court found that Tri-C was entitled to immunity and reversed the trial court's order denying the appellant's Civ.R. 12(C) motion for judgment on the pleadings.

**{¶10}** The city likens the facts of this case to the *Duncan* case and argues that like the plaintiff in *Duncan*, Smiley has failed to show a defect on the premises. We disagree. When viewing the complaint in the light most favorable to Smiley, we are satisfied that she has pled sufficient facts to suggest that the city is not entitled to immunity due to a defect on the premises. It should be remembered that Smiley is not required at the pleading stage to prove her allegations and disprove governmental immunity, rather she must only assert facts that if believed, would state a claim for relief. *Diaz v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 92907, 2010-Ohio-13, ¶ 15. Additionally, all reasonable inferences should be made in favor of Smiley, the nonmoving party.

**{¶11}** In her complaint, Smiley alleges that she was walking from the pool area to the splash area of the recreation facility when an employee controlling the threshold between the two areas instructed her to take off the water shoes she was wearing for safety reasons. Upon taking off her shoes and proceeding to the water park area, she slipped and fell on a metal strip located between those two areas. Although Smiley did not explicitly claim that the metal strip was wet, such fact is a reasonable inference that can be drawn from the other facts alleged, which were that 1) Smiley was wearing water shoes to prevent her from slipping in wet areas, and 2) that she slipped on the metal strip after an employee told her to take off her shoes prior to crossing the threshold where the metal strip was located.

**{¶12}** Whether the wet metal strip constitutes a physical defect on the premises is a question of fact that cannot be resolved through a motion to dismiss. *Sacksteder v. Senney*, 2d Dist. Montgomery No. 24993, 2012-Ohio-4452, ¶ 88; *see also Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, ¶ 25-26 (explaining, "Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law."). Applying Ohio's liberal pleading standard, we cannot say at this stage in proceedings that there exists no set of facts that could conceivably cause the metal strip to be defective. Under the facts as alleged, it is not inconceivable that the water could have interacted with the metal strip in some way that caused a "perceivable imperfection that diminished the utility or worth of the object," *see Duncan,* 2012-Ohio-1949, 970 N.E.2d 1092 (8th Dist.) at ¶ 26-27.

**{¶13}** Moreover, since deciding *Duncan*, this court has further adopted the position that a physical defect may include an object or instrumentality that does "not operate as intended due to a perceivable condition." *See Jacobs v. Oakwood*, 8th Dist. Cuyahoga No. 103830, 2016-Ohio-5327, ¶ 16, citing *Jones v. Delaware City School Dist. Bd. of Edn.*, 2013-Ohio-3907, 995 N.E.2d 1252, ¶ 22 (5th Dist.) (indicating that an unlit orchestra pit could be a physical defect where it did not operate safely). Although the city claims in its brief on appeal that the metal strip was part of the doorway and functioned to close the gap between the doors and the floor, this fact, if true, is outside of the pleadings and cannot be considered in a motion to dismiss.

**{¶14}** Thus, unlike the plaintiff in *Duncan* who did not allege facts that would support the allegation of a perceivable imperfection on the floor of the Tri-C gymnasium, Smiley has alleged a perceivable imperfection in her complaint. She is not required to plead specific details in her complaint in order to survive a motion to dismiss. *See Diaz,* 8th Dist. Cuyahoga No. 92907, 2010-Ohio-13, at ¶ 15-16. Rather, the standard for dismissal under Civ.R. 12(B)(6) is that "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling [her] to recovery." *O'Brien*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 at syllabus.

**{¶15}** Judgment reversed and remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR