[Cite as *Doe v. Cuyahoga Cty. Community College*, 2022-Ohio-527.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOHN DOE 1,                               :

    Plaintiff-Appellee,            :

                                No. 110590

    v.                             :

CUYAHOGA COUNTY
COMMUNITY COLLEGE, ET AL.,     :

    Defendants-Appellants.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 24, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-936872

---

### *Appearances:*

Lowe Scott Fisher Co., L.P.A., Ryan H. Fisher, and Kyle B. Melling, *for appellee.*

Taft Stettinius & Hollister LLP, Ronald D. Holman, II, Brandon Summers, and Philip D. Williamson, *for appellants.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendants-appellants, Emanuela Friscioni ("Friscioni"), Paul Cox ("Cox"), and Amber Smith ("Smith") (collectively "Appellants" or "Tri-C Administrators") appeal a judgment of the Cuyahoga County Court of Common

Pleas denying, in part, their motion to dismiss the complaint of plaintiff-appellee, John Doe. Appellants claim the following error:

The trial court should have granted Friscioni, Smith, and Cox's motion to dismiss.

{¶ 2} After careful review of the complaint, the parties' briefs, and applicable law, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} In September 2015, defendant Terence Greene ("Greene") applied to work as a dance instructor in the Creative Arts Academy at Cuyahoga Community College ("Tri-C"). He had previously worked as a dance instructor at the Cleveland School of the Arts ("CSA") in the Cleveland Metropolitan School District for 15 years. Greene indicated on the Tri-C application that he left his prior employment at CSA because he "started [his] own company and pursued other job opportunities." (Complaint ¶ 23.)

{¶ 4} As part of the application process, Smith, a human resources representative at Tri-C, ordered a background check from a screening company known as "Truescreen." Truescreen conducted the investigation and produced a report. The report stated that Greene was fired from CSA due to "allegations with students" and that he was ineligible for rehire. (Complaint ¶ 25.) The explanation was highlighted with a red "X." (Complaint ¶ 25.) Despite the warning contained in the background report, Smith offered Greene a part-time position as a dance

instructor in October 2015. Greene accepted the offer and later accepted a full-time position in February 2017.

**{¶ 5}** In October 2019, John Doe, who was then 17 years old, was enrolled in Tri-C's Creative Arts Academy as a dance student when Greene sexually assaulted him. (Complaint ¶ 38-43.) John Doe reported the sexual assault to a former high school advisor, who reported it to the Garfield Heights Police Department. Shortly thereafter, Tri-C terminated Greene's employment due to John Doe's allegations and because of the results of the background check conducted in 2015. (Complaint ¶ 49.)

**{¶ 6}** John Doe requested public records from Tri-C regarding Greene's termination. Tri-C produced the requested documents, including a document entitled "Conversation with Terence Green & Paul Cox 1-21-20, 2 p.m." (Complaint ¶ 69.) The document revealed that "nobody from Tri-C, including defendants Friscioni, Smith, or Cox ever reviewed Terence Greene's background check prior to hiring him." (Complaint ¶ 69.) Friscioni was the director of Tri-C's Creative Arts Academy, and Cox was the Dean of Tri-C's Creative Arts Department. As previously stated, Smith worked at Tri-C as a human resources representative.

**{¶ 7}** In September 2020, John Doe filed a complaint against Tri-C and Appellants, in their individual and official capacities, asserting claims of breach of contract, wanton and reckless conduct, and negligent and reckless hiring, supervision, and retention of Greene. John Doe alleged that because the Tri-C Administrators failed to review the background check on Greene, they negligently,

recklessly, and wantonly disregarded John Doe's safety, which resulted in harm to John Doe. John Doe alleged that Appellants had "actual or constructive knowledge" of Greene's history and that they either ignored or wantonly and recklessly disregarded it when they hired him. John Doe also alleged that Appellants breached an express or implied contract, set forth in certain provisions of the Tri-C Student Handbook, wherein Appellants promised to provide an environment free of sexual misconduct in exchange for tuition and fees. (Complaint ¶ 54-63.)

{¶ 8} Appellants filed a motion to dismiss the complaint, arguing they are immune from liability pursuant to R.C. 2744.01 et seq., Ohio's Political Subdivision Tort Liability Act. The trial court granted the motion, in part, and dismissed the tort claims against Tri-C. The trial court denied the motion as to the breach-of-contract claim against all the defendants and denied the tort claims against the Tri-C Administrators. Appellants now appeal the trial court's judgment pursuant to R.C. 2744.02(C), which provides that an order denying immunity to a political subdivision or an employee of a political subdivision is a final, appealable order.

## II. Law and Analysis

### A. Standard of Review

{¶ 9} Appellants filed their motion to dismiss pursuant to Civ.R. 12(B)(6), arguing the complaint fails to state a claim on which relief could be granted because they are immune from liability. Indeed, the affirmative defense of immunity under R.C. Chapter 2744 may be the basis of a dismissal under Civ.R. 12(B)(6). *Riveredge*

*Dentistry Partnership v. Cleveland*, 8th Dist. Cuyahoga No. 110275, 2021-Ohio-3817, ¶ 21, citing *Para v. Jackson*, 2021-Ohio-1188, 171 N.E.3d 452, ¶ 17 (8th Dist.).

{¶ 10} A Civ.R. 12(B)(6) motion does not test the merits of a claim. *Filo v. Liberato*, 2013-Ohio-1014, 987 N.E.2d 707, ¶ 15 (7th Dist.). A motion to dismiss filed pursuant to Civ.R. 12(B)(6) "is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117, 537 N.E.2d 1292 (1989).

{¶ 11} A trial court's review of a Civ.R. 12(B)(6) motion to dismiss is limited to the four corners of the complaint along with any documents properly attached to, or incorporated within, the complaint. *Glazer v. Chase Home Fin. L.L.C.*, 8th Dist. Cuyahoga Nos. 99875 and 99736, 2013-Ohio-5589, ¶ 38. In reviewing a Civ.R. 12(B)(6) motion to dismiss, we must presume all the material allegations are true, resolve all doubt and inferences in the plaintiff's favor, and view all allegations in the complaint in the light most favorable to the plaintiff. *Ohio Assn. of Pub. School Emps. v. School Emps. Retirement Sys. Bd.*, 10th Dist. Franklin No. 04AP-136, 2004-Ohio-7101, ¶ 43, citing *State ex rel. Longacre v. Penton Publishing Co.*, 77 Ohio St.3d 266, 267, 673 N.E.2d 1297 (1997); *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667, 653 N.E.2d 1186 (1995). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991).

{¶ 12} We review a trial court's decision granting a Civ.R. 12 (B)(6) motion to dismiss de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. In a de novo review, we review the merits of the case independently, without any deference to the trial court. *Sosic v. Stephen Hovancsek & Assocs., Inc.*, 8th Dist. Cuyahoga No. 109993, 2021-Ohio-2592, ¶ 21.

## B. Sovereign Immunity

{¶ 13} In the sole assignment of error, Appellants argue the trial court should have dismissed John Doe's complaint in its entirety because they are immune from liability pursuant to R.C. 2744.01 et seq.

{¶ 14} R.C. Chapter 2744 sets forth a three-tiered analysis for determining whether governmental immunity applies to a political subdivision and their employees. *Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556-557, 733 N.E.2d 1141 (2000). First, the court must determine whether the entity claiming immunity is a political subdivision and whether the alleged harm occurred in connection with either a governmental or proprietary function. *Id.*; R.C. 2744.02(A)(1). Under R.C. 2744.02(A)(1), a political subdivision is generally "not liable for damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision * * * in connection with a governmental or proprietary function."

{¶ 15} The second tier of the analysis requires the court to determine whether any of the five exceptions to immunity enumerated in R.C. 2744.02(B) apply to reinstate liability to the political subdivision. *Cater v. Cleveland*, 83 Ohio St.3d 24,

28, 697 N.E.2d 610 (1998). If the court finds any of the R.C. 2744.02(B) exceptions applicable, and no defense in that section protects the political subdivision from liability, then the third tier of the analysis requires the court to determine whether any of the defenses set forth in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability. *Colbert v. Cleveland,* 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 9.

{¶ 16} John Doe alleged that the Tri-C Administrators negligently, recklessly and wantonly hired, supervised, and retained Greene, who later sexually assaulted him. To establish a claim of negligent hiring or retention, John Doe must establish

> (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries.

*Sosic*, 8th Dist. Cuyahoga No. 109993, 2021-Ohio-2592, at ¶ 26.

{¶ 17} It is undisputed that the Tri-C Administrators are employees of a political subdivision and that they were acting within the scope of their employment when they hired Greene. It is also undisputed that they were engaged in a governmental or proprietary function. They are, therefore, presumptively immune under R.C. 2744.03, and we next turn to R.C. 2744.03(A), to determine whether any of the defenses or immunities set forth therein apply to reinstate liability. R.C. 2744.03(A)(6)(b) provides that an employee of a political subdivision is immune from liability unless the employee's "acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner."

{¶ 18} In *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, the Ohio Supreme Court observed that the terms wanton and reckless are not interchangeable. *Id.* at paragraph one of the syllabus. The court explained:

> Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result. *Hawkins*, 50 Ohio St.2d at 117-118, 363 N.E.2d 367; *see also Black's Law Dictionary* 1613-1614 (8th Ed.2004) (explaining that one acting in a wanton manner is aware of the risk of the conduct but is not trying to avoid it and is indifferent to whether harm results).

> Reckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct. *Thompson*, 53 Ohio St.3d at 104-105, 559 N.E.2d 705, adopting 2 Restatement of the Law 2d, Torts, Section 500 at 587 (1965); *see also Black's Law Dictionary* 1298-1299 (8th Ed.2004) (explaining that reckless conduct is characterized by a substantial and unjustifiable risk of harm to others and a conscious disregard of or indifference to the risk, but the actor does not desire harm).

*Id.* at ¶ 33-34.

{¶ 19} John Doe alleged in the complaint that the Tri-C Administrators were provided an obvious warning that Greene posed a potential threat to students in the background check. The background check "highlighted" Greene's departure from CSA with a "red X" and stated that he was terminated from his prior employment due to "allegations from students." (Complaint ¶ 25.) The complaint further alleges that the Tri-C Administrators recklessly disregarded this warning. (Complaint ¶ 70.) Although it is not clear from the complaint how obvious the "red X" warning was to the report's intended recipients, we must view the allegations in a light most

favorable to the plaintiff when reviewing a motion to dismiss. *Ohio Assn. of Pub. School Emps.,* 10th Dist. Franklin No. 04AP-136, 2004-Ohio-7101, ¶ 43.

{¶ 20} The Tri-C Administrators nevertheless argue that their decision to hire Greene was not reckless or wanton because they did not know what was in the background check since they never read it. They assert that while their failure to review the background check may constitute negligence, for which they are immune, it does not constitute reckless or wanton behavior. They also argue that even if they had read the background check, the report "did not actually contain any details about Greene's past" and they, therefore, would not have known the details of Greene's prior misconduct. (Appellant's brief p. 7.)

{¶ 21} However, the complaint alleges that the reported background check on Greene contained a note, highlighted with a red "X," warning the Tri-C Administrators that Greene posed a risk of some kind and that he would not be rehired by CSA. The complaint further alleges that Smith sent the letter to Greene, offering him employment contingent upon the satisfactory completion of the background check and a drug screen. (Complaint ¶ 26.) The letter advised that, assuming he passed the background check and drug screen, Friscioni would contact him prior to his start date regarding his schedule. (Complaint ¶ 26-27.)

{¶ 22} Notes produced pursuant to John Doe's public records request indicate that when Greene was hired, Cox told Greene "to keep it professional." The complaint further claims "[t]his language reveals a pre-hiring concern and

knowledge on the part of Paul Cox that Defendant Terence Greene had a history or propensity to act unprofessionally with students * * * ." (Complaint ¶ 70.)

{¶ 23} We have no way of knowing from the face of the complaint what Cox knew about Greene's past at the time Greene was hired or what Cox meant by the instruction to "keep it professional." We know, however, that the background check included a warning that was disregarded by the Tri-C Administrators. It is not clear whether the warning was visible on the face of the report or whether it was buried inside. And we may not speculate as to exactly what Cox, Smith, or Friscioni knew about Greene when they hired him; we have to accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Jenkins v. Cleveland*, 8th Dist. Cuyahoga No. 104768, 2017-Ohio-1054, ¶ 8. What the Tri-C Administrators knew when Green was hired is a question of fact outside the scope of motion to dismiss. *See, e.g., Smiley v. Cleveland*, 8th Dist. Cuyahoga No. 103987, 2016-Ohio-7711, ¶ 12 (holding that whether a wet metal strip constitutes a physical defect on the premises is a question of fact that cannot be resolved through a motion to dismiss.). Therefore, the trial court properly denied the motion to dismiss John Doe's tort claims against the Tri-C Administrators.

{¶ 24} Although the trial court denied Appellants' motion to dismiss John Doe's breach-of-contract claim, Appellants make no argument as to why or how the failure to dismiss the breach-of-contract claim was erroneous. They simply assert that the trial court should have dismissed the complaint in its entirety, including the

breach-of-contract claim. Appellants also make no argument as to why John Doe's claims against them in their personal capacities should have been dismissed.

{¶ 25} App.R. 16(A)(7) requires that an appellant's brief include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 12(A)(2) provides that "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

{¶ 26} The burden is on the appellant, not the appellate court, to construct the legal arguments necessary to support an appellant's assignment of error. *Taylor-Stephens v. Rite Aid of Ohio*, 8th Dist. Cuyahoga No. 106324, 2018-Ohio-4714, ¶ 121. Appellate courts are not advocates. *Id.* We, therefore, decline to address the merits of the Appellants' motion to dismiss John Doe's breach-of-contract claim and whether the claims against Appellants in their personal capacities should have been dismissed.

{¶ 27} The sole assignment of error is overruled.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR