[Cite as *Garrett v. Cuyahoga Cty.*, 2022-Ohio-2770.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MICKHAL GARRETT,                          :

    Plaintiff-Appellee,               :

                          No. 110787

    v.                                :

CUYAHOGA COUNTY, ET AL.,                  :

    Defendants-Appellants.            :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 11, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-913748

### *Appearances:*

Grieco Law, LLC, and Paul Grieco; Merriman Legando Williams & Klang, LLC, and Hannah Klang, *for appellee.*

Steven M. Gaulding, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Alesia Love ("Love"), appeals the trial court's decision finding her in contempt of its discovery orders and, as a sanction, granting default judgment in favor of plaintiff-appellee, Mickhal Garrett ("Garrett"). For the reasons set forth below, we affirm.

## Procedural and Factual History

{¶ 2} The underlying multiparty matter has a protracted and lengthy procedural history. Therefore, we will limit our factual and procedural review to facts pertinent to the instant appeal.

{¶ 3} On April 10, 2019, flowing from the tragic death of four-year-old, Aniya Day Garrett ("Aniya"), Garrett, individually and as administrator of Aniya's estate, filed a wrongful death and survivorship action against multiple defendants including Love. The complaint sought damages for Aniya, who had been repeatedly abused and ultimately killed by her mother and her mother's boyfriend.

{¶ 4} The complaint alleged that Aniya had attended Harbor Crest Childcare Academy ("Harbor Crest"), a state-licensed daycare provider co-owned and operated by Love. The complaint also alleged that, on several occasions, prior to Aniya's death, Harbor Crest documented that Aniya had bruises on her body, rug burns, busted lips, and black eyes.

{¶ 5} Additionally, the complaint alleged that, when asked, Aniya told Harbor Crest's employees that her mother had caused the injuries. Further, the complaint alleged that despite numerous reports by Harbor Crest's employees regarding Aniya's injuries and statements of being abused, Harbor Crest violated its statutory duty to report suspicions of child neglect and abuse.

{¶ 6} On April 10, 2019, the summons and complaint were sent, via Federal Express, to Love individually and as the agent for the Love Bank Company. On April 14, 2019, the mail was returned due to failure of service, with the notation of

"refused." On April 30, 2019, the summons and complaint were sent by regular mail, but were returned on May 22, 2019, with the notation that they were "not deliverable as addressed."

{¶ 7} On June 10, 2019, the summons and complaint were sent by certified mail to Love at an alternative address, but were returned on July 1, 2019, with the notation of "unclaimed." Garrett requested service via regular mail pursuant to Civ.R. 4.6. On July 3, 2019, the summons and complaint were sent via regular mail to Love. Service was successful, pursuant to Civ.R. 4.6(D), because the mail was not returned for failure of delivery.

{¶ 8} On August 2, 2019, with the assistance of counsel, Love filed her answer and denied responsibility based on lack of knowledge. Between the filing of her answer and January 30, 2020, Love ceased to participate in the litigation. Love did not attend case-management conferences, including one on August 22, 2019, where Garrett and all the represented defendants appeared. Love also failed to respond to requests for discovery and neglected to attend scheduled depositions.

{¶ 9} On January 30, 2020, Love's attorney filed a motion to withdraw as counsel, citing lack of client cooperation. The trial court granted counsel's motion to withdraw. The trial court then ordered Love to find replacement counsel, within ten days, or otherwise inform the court of her intention to proceed pro se. Love did not hire replacement counsel and did not notify the trial court that she wished to proceed pro se. For the next nine months, the litigation continued, against the other defendants, without Love's participation.

{¶ 10} On October 7, 2020, Garrett filed a motion for default judgment. In the supporting brief, Garrett detailed the various attempts made prior to perfecting service on Love. Garrett noted that after Love filed her answer, on August 2, 2019, she "did not otherwise participate in the litigation, including responding to discovery or appearing at the depositions of other parties. A motion for sanction was issued against them, and counsel withdrew from representation for lack of client participation." Garrett filed a notice of service on Love, indicating that he issued service via certified and regular mail on October 8, 2020. Love reportedly received the notice by certified mail on October 10, 2020.

{¶ 11} On November 10, 2020, the trial court held a default hearing via telephone. Love failed to attend the hearing, and the trial court granted default judgment against her in the amount of $15,000,000. The journalized entry stated in relevant part that "despite proper service * * * [Love had] failed to answer, plead, or otherwise defend in this action."

{¶ 12} On November 23, 2020, Love filed a motion to set aside the default judgment. In the motion, Love indicated that notice was sent to the wrong address. On December 16, 2020, the trial court granted Love's motion and vacated the default judgment. Litigation resumed, Love consulted with counsel regarding possible representation, and a telephone conference was held on March 3, 2021. At the conference, prospective counsel stated that he was "reviewing whether he will appear on behalf of Defendant Love in this matter." On March 26, 2021, at a

subsequent telephone conference, the prospective counsel indicated he would not be representing Love.

{¶ 13} At that same conference, Love, appearing pro se, stipulated to a full case scheduling order, including a discovery cut-off date of June 4, 2021, plaintiff's expert report due date of July 9, 2021, defendant's expert due date August 16, 2021, and August 30, 2021, as the final date for the filing of dispositive motions. On March 29, 2021, Garrett served Love discovery including, interrogatories, request for production of documents, and request for admissions, with responses due within 28 days.

{¶ 14} On May 20, 2021, Garrett filed his motion to compel discovery and impose sanctions against Love. In the brief in support, Garrett noted that on April 23, 2021, Love informed Garrett's counsel that she was in the process of finalizing her responses to discovery and would drop them off with supporting documentation within the next few days. Garrett noted that Love did not drop off the discovery responses and did not follow up with his attorney. Further, Garrett noted that his attorney wrote a letter to Love indicating that her responses were overdue and that if he did not receive the completed responses by May 18, 2021, he would file a motion to compel. Love failed to provide the requested discovery responses by May 18, 2021.

{¶ 15} On June 8, 2021, after the original discovery deadline of June 4, 2021, had passed, the trial court ordered Love to respond to Garrett's interrogatories and requests for production within seven days. Love failed to respond, and Garrett's

counsel sent a letter, dated June 30, 2021, warning Love that she could be held in contempt of court if she failed to provide, "full and complete responses to the Interrogatories and Requests for Production of Documents by July 8, 2021." The letter also contained a copy of the June 8, 2021 journal entry outlining the discovery order.

{¶ 16} On July 12, 2021, Garrett filed a motion to hold Love in contempt of court pursuant to Civ.R. 37. In the motion, Garrett noted that Love had disregarded the trial court's order requiring her to respond to the interrogatories and requests for production within seven days of the order. Garrett further noted that no discovery responses had been provided and he had not heard from Love, which was in clear defiance of the trial court's order. Garrett requested that the trial court hold Love in contempt and render default judgment as a discovery sanction.

{¶ 17} On August 2, 2021, the trial court, pursuant to Civ.R. 37(B), granted default judgment against Love.

{¶ 18} Love now appeals and assigns the following sole error for review:

### Assignment of Error

Appellant contends that the trial court erred in granting default judgment pursuant to Civ.R. 37(B)(1)(f).

### Law and Analysis

{¶ 19} In the sole assignment of error, Love argues the trial court erred when it granted the motion for default judgment pursuant to Civ.R. 37(B)(1)(f).

{¶ 20} Preliminarily, pursuant to Civ.R. 37(A), a party to a civil action may move for an order compelling discovery from another party who has failed to respond in full to formal discovery requests. Rule 37(B) further provides as follows:

> If a party * * * fails to obey an order to provide or permit discovery, including an order made under * * * Civ.R. 37(A), the court may issue further just orders. They may include the following:
>
> * * *
>
> (f) Rendering a default judgment against the disobedient party; * * *.

Civ.R. 37(B)(1*)*.

{¶ 21} Thus, "Civ.R. 37 authorizes the court to make 'just' orders in response to violations of the discovery rules or court orders." *State ex rel. Dewine v. ARCO Recycling, Inc.*, 8th Dist. Cuyahoga No. 110703, 2022-Ohio-1758, ¶ 54, citing *Laubscher v. Branthoover*, 68 Ohio App.3d 375, 381, 588 N.E.2d 290 (11th Dist.1991). As in this case, the "just" orders or sanctions may include rendering a default judgment against the disobedient party.

{¶ 22} We review a trial court's imposition of a sanction pursuant to Civ.R. 37 for abuse of discretion. *Nakoff v. Fairview Gen. Hosp.,* 75 Ohio St.3d 254, 662 N.E.2d 1 (1996), syllabus. The phrase "abuse of discretion" connotes more than an error in judgment; it implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 23} However, the granting of a default judgment, analogous to the granting of a dismissal, is a harsh remedy that should only be imposed when "the

actions of the faulting party create a presumption of willfulness or bad faith." *Russo v. Goodyear Tire & Rubber Co.*, 36 Ohio App.3d 175, 179, 521 N.E.2d 1116 (9th Dist.1987). A trial court, however, is not required to use the terms "willfulness or bad faith" in a dismissal order, so long as such behavior can be established from the record. *Badri v. Averbach*, 8th Dist. Cuyahoga No. 86661, 2006-Ohio-3602, ¶ 7, citing *LJEL, Inc. v. Overland Transp. Systems, Inc.*, 10th Dist. Franklin No. 95APE09-1250, 1996 Ohio App. LEXIS 1325 (Mar. 28, 1996).

{¶ 24} We first note, within the sole assignment of error, Love devotes a substantial amount of time alleging a lack of proper notice of the October 2020 default hearing. However, because the trial court granted Love's motion to vacate the original order, ostensibly due to Love's claim that she did not receive proper notice of the hearing, we deem it unnecessary to address those arguments.

{¶ 25} Instead, we will focus our discussion on whether the default judgment, entered in August 2021, was an appropriate sanction for Love's noncompliance. In doing so, we will examine whether Love was on notice that the trial court might grant default judgment for her abuse of the discovery process. For the reasons that follow, we find that Love's actions created a presumption of willfulness, and she was on notice that those actions could result in the sanction the trial court imposed.

{¶ 26} To begin, in this matter, on March 26, 2021, Love stipulated to a full case scheduling order, including a discovery cut-off date of June 4, 2021. Three days later, on March 29, 2021, Garrett served Love discovery including, interrogatories,

request for production of documents, and request for admissions, with responses due within 28 days. Briefly, we note, Love now complains that Garrett failed to serve discovery in an editable format by electronic mail. However, Love never raised this issue or argument below.

{¶ 27} A party cannot raise new issues or arguments for the first time on appeal; failure to raise an issue before the trial court results in a waiver of that issue for appellate purposes. *See, e.g.*, *Lycan v. Cleveland*, 8th Dist. Cuyahoga Nos. 107700 and 107737, 2019-Ohio-3510, ¶ 32-33 ("It is well-established that arguments raised for the first time on appeal are generally barred and a reviewing court will not consider issues that the appellant failed to raise in the trial court."), citing *Cawley JV, L.L.C. v. Wall St. Recycling L.L.C.,* 2015-Ohio-1846, 35 N.E.3d 30, ¶ 17 (8th Dist.); *Cleveland Town Ctr., L.L.C. v. Fin. Exchange Co. of Ohio, Inc.*, 2017 Ohio-384, 83 N.E.3d 383, ¶ 21 (8th Dist.) ("It is well established that a party cannot raise new arguments and legal issues for the first time on appeal, and that failure to raise an issue before the trial court results in waiver of that issue for appellate purposes.").

{¶ 28} Consequently, Love has waived this issue and we need not address the propriety of serving the discovery in an editable format. Moreover, Love indicated to Garrett's counsel that she was finalizing the responses and would drop them off within a few days. As previously indicated, Love never provided the responses.

{¶ 29} Next, as stated earlier, on May 10, 2021, Garrett's counsel sent Love a letter informing her that the responses were overdue, gave her until May 18, 2021, to provide them, and warned that he would be forced to file a motion to compel, if

she continued to not respond. Although extended the courtesy of a warning, Love failed to provide them, despite assuring Garrett's counsel that she was almost finished with the responses. Thus, Garrett followed through with the filing of the motion to compel discovery.

{¶ 30} Finally, when the stipulated deadline for discovery had passed and the trial court ordered Love to respond, she was given an additional seven days to comply, but to no avail. Consequently, as a discovery sanction, the trial court granted default judgment against Love, stating in pertinent part that

> [a]s defendant Alesia Love has failed to comply with this Court's order dated 06/08/2021, and in accordance with Civ.R. 37(B), default judgment is hereby rendered against defendant Alesia Love, and in favor of plaintiff Mickhal Garrett, individually and on behalf of the estate of Aniya Day Garrett, in the amount of $15,000,000.00.

{¶ 31} Under the circumstances of this case, the trial court did not abuse its discretion in granting default judgment as a sanction pursuant to Civ.R. 37. The record reveals Love's patent lack of engagement with the litigation. Noticeably, Love would muster just enough effort to undo an adverse ruling and even managed to get the first default judgment vacated. By extension, the record further reveals Love ignoring the case scheduling orders and, notably ignoring timelines to which she had stipulated.

{¶ 32} Love has failed to convince us that she was not on notice of, or was blindsided by, the inevitable sanction for her noncompliance. Glaringly, the record establishes Love's willful disregard of discovery requests and the trial court's orders. Critically, given that default judgment had once been entered, then vacated, and the

subsequent warnings received, Love had to be aware that default judgment was a distinct possibility for her continued discovery violations.

{¶ 33} Pursuant to Civ.R. 37(B)(1)(e) a trial court may impose the sanction of dismissal when a party refuses to comply with a court's order and "counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 49, 684 N.E.2d 319 (1997).

{¶ 34} Based on the foregoing, we find no abuse of discretion in the trial court's decision. Love had been given multiple opportunities to respond to discovery requests and to comply with the trial court's order yet declined to engage in the litigation.

{¶ 35} Accordingly, we overrule the sole assignment of error.

{¶ 36} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
LISA B. FORBES, J., CONCUR