[Cite as *Manning v. Cuyahoga Metro. Hous. Auth.*, 2025-Ohio-4751.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ANDREA MANNING,                    :

    Plaintiff-Appellant,       :

                                     No. 114429

    v.                         :

CUYAHOGA METROPOLITAN
HOUSING AUTHORITY, ET AL.,          :

    Defendants-Appellees.      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 16, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-989917

---

### *Appearances:*

Andrea Manning, *pro se.*

Terry M. Billups, Cuyahoga Metropolitan Housing Authority, Chief General Counsel, and Chandra S. Baldwin, *for appellee.*

DEENA R. CALABRESE, J.:

{¶ 1} Plaintiff-appellant Andrea Manning ("Manning") appeals the trial court's order granting defendant-appellee Cuyahoga Metropolitan Housing

Authority's ("CMHA") motion for summary judgment.  For the reasons stated below, we affirm the trial court's order.

## I. Facts and Procedural History

{¶ 2} Manning is a tenant at Union Square Apartments ("Union Square"), a property owned and managed by CMHA.  On February 21, 2023, Manning was granted a protection order against Donte Graves ("Graves"), whom she alleged resided nearby within Union Square.  Manning asserts that Graves engaged in repeated acts of harassment toward her.  She further contends that, despite her multiple requests and after providing CMHA with a copy of the protection order, CMHA failed to relocate Graves to another apartment.

{¶ 3} On December 12, 2023, Manning filed a complaint against CMHA and Union Square in the Cuyahoga County Common Pleas Court.[1]  The complaint alleged the following:

> Gross negligence/indifference to safety
>
> Ignoring restraining order against neighbor who was a very obvious threat
>
> Violation of tenants [sic] rights
>
> Malicious behavior, bullying, threats, retaliatory behavior from residents and staff
>
> Pain and suffering from the sheer stress of the situation which is ongoing
>
> Emotional and mental distress/causing physical symptoms (hair loss, weight loss, extreme anxiety)

---

[1] The trial court later determined that Union Square was not a separate defendant because it is owned and operated by CMHA.

Dishonesty from CMHA themselves as far as transferring me (once they refused to evict him)

Effecting my education/other important aspects of my life.

{¶ 4} On January 18, 2024, CMHA filed an answer. On July 31, 2024, CMHA filed a motion for summary judgment contending that they are entitled to judgment as a matter of law because they are immune from suit under the immunity provided pursuant to R.C. Ch. 2744, the Political Subdivision Tort Liability Act. CMHA also argued that they were not required to evict Graves because lease terminations by public housing authorities are mandatory only when there is a methamphetamine conviction or a lifetime sex-offender registration requirement. Manning opposed the motion, arguing that CMHA acted with malice, in bad faith, and with extreme recklessness.

{¶ 5} CMHA contended that the issue was moot. They asserted that they were not aware of the situation when Manning filed the claim against them and Manning did not name the offender in her pleadings. After the complaint was filed, CMHA discovered the identity of the individual (Graves), discovered he had already moved out of the apartment, and commenced eviction proceedings against him. Because Graves was no longer a Union Square resident, CMHA contended the issue was moot.

{¶ 6} On September 24, 2024, the trial court granted CMHA's motion for summary judgment. The trial court found as follows:

> For termination of lease based upon criminal conviction to be mandatory pursuant to Defendant's admissions and continue occupancy policy found in Chapter 13, the convictions must be for

methamphetamine, and lifetime registered sex offenders. Pursuant to Part Three of the lease termination policy the Defendant has the authority to determine whether termination is necessary. In such instances, the Defendant determines such termination on a case-by-case basis. Further termination is not required, it is a decision of whether termination is appropriate, and if so then, necessary. Plaintiff has not named the accuser in her pleadings. Despite Plaintiff's failure to name the accused in her pleadings, Defendant has researched a[nd] discovered the alleged accused. Said accused has abandoned their unit over a year ago. Due to abandonment, the Defendant has commenced eviction of the accused. Hence, there exists no need for the Defendant to determine if the accused's lease need be terminated as eviction has already begun. Therefore, this issue is moot.

{¶ 7} Manning filed this appeal citing the following assignments of error: [2]

1. Judge [] showed a clear bias in favor of the defendant. In the case of bias or the inability to be fair [and] impartial? Judges are to recuse themselves. Judge [] did not, costing me not only the right to a fair trial? But cost me a right to a trial at all.

2. Judge ignored very important evidence given to the court that proved every statement made in initial complaint to be the truth. Had all evidence been considered, the outcome would have been very different[.]

3. Judge ignored evidence that CMHA are abusing the immunity granted to them. Using it to not only be grossly negligent, [b]ut criminally so. CMHA staff subjected me to life threatening situations [and] allowed situations to continue. Donte Graves in particular, posed an immediate threat to my life and safety on multiple occasions. CMHA never made even a slight effort to help me or any other resident.

4. Judge disregarded continuing harassment, intimidation from CMHA and staff in attempts to have me drop the matter. They continued to commit new crimes despite pending court case. All new issues completely disregarded.

5. Judge and Council [sic] for CMHA directly violated many of my constitutional rights, ignored multiple laws broken, continuing harassment, bad behavior by defendant in court. I was subjected to

---

[2] In her brief, Manning numbers the assignments of error as 1-6 and 1-9. For clarity, we renumbered the second set of assignments of error (1-9) as 7-15.

extreme discrimination bias, based on my income [and] therefor[e] inability to properly retain an attorney to help me that I can't afford to complain I was punished for having the nerve to file a suit, despite it being absolutely valid. The actions and <u>LACK</u> of action from CMHA put my life at risk multiple times.

6. Judge dismissed my case focused on one issue (despite its severity), ignoring the multiple [precedent] in complaint. It was dismissed with prejudice, making nearly impossible to solve issues in the future as Judge [] was extremely biased? She should have removed herself, let alone make such an unfair judg[]ment. Effectively "railroading" me.

7. Violations of the first and seventh amendments of the United States Constitution.

8. Multiple violations of judicial codes of conduct rules 2.15, 2.4, 4723-16-09 and Ohio Revised Codes 2.11, 2.2

9. Disregard of Ohio Revised code 2743.02 and gross abuse of civil immunity

10. Disregard of Civil Rights Act of 1964-78 stat 241

11. Disregard of fair Housing Act of 1968 title 8

12. Disregard of Attorney Misconduct section 309.05

13. Disregard of landlord criminal acts [and] activities [and] multiple tenants rights violations

14. Discrimination based on income, race, sex

15. Disregard of Ohio revised code section 2921.05, 2921.04

### A. New Arguments on Appeal

{¶ 8} We will first address Manning's fourth, seventh, eighth, tenth, eleventh, twelfth, and fourteenth assignments of error collectively. These assignments of error present new arguments that were not raised in the case below.

{¶ 9} "'[A] party cannot present new arguments for the first time on appeal that were not raised below[.]'" *Johnson v. State Farm Mut. Auto. Ins. Co.*, 2024-

Ohio-3187, ¶ 24 (8th Dist.), quoting *State v. Moore*, 2020-Ohio-3459, ¶ 58 (8th Dist.).

{¶ 10} In her fourth assignment of error, Manning argues that the trial court "disregarded *continuing* harassment, intimidation from CMHA and staff in attempts to have [her] drop the matter. They continued to commit *new crimes* despite pending court case. *All new issues* completely disregarded." (Emphasis added.) The fourth assignment of error clearly references incidents that occurred after Manning filed her complaint.

{¶ 11} In her fifth assignment of error, Manning argues that the trial court and counsel for CMHA committed offenses against her. Neither of these parties were named in Manning's complaint below.

{¶ 12} Manning also raises new arguments in her seventh assignment of error ("[v]iolations of the first and seventh amendments of the United States Constitution"), eighth assignment of error ("[m]ultiple violations of judicial codes of conduct rules 2.15, 2.4, 4723-16-09 and Ohio Revised Codes 2.11, 2.2"), tenth assignment of error ("[d]isregard of Civil Rights Act of 1964-78 stat 241"), eleventh assignment of error ("[d]isregard of fair Housing Act of 1968 title 8"), twelfth assignment of error ("[d]isregard of [a]ttorney [m]isconduct section 309.05"), thirteenth assignment of error (the "[d]isregard of landlord criminal acts [and] activities" portion), fourteenth assignment of error ("[d]iscrimination based on income, race, sex"), and the R.C. 2921.04 portion of the fifteenth assignment of error.

{¶ 13} None of these claims were before the trial court in the case below. Therefore, these assignments of error (4, 5, 7, 8, 10, 11, 12, the criminal acts portion of 13 and 14, and the R.C. 2921.04 portion of 15) are overruled.

**B. Identification of Error in the Record**

{¶ 14} Manning's first, second, third, sixth, ninth, thirteenth (the tenant's rights violations portion), and fifteenth (the R.C. 2921.05 portion) assignments of error do not identify in the record the error on which the assignment of error is based.

{¶ 15} App.R. 16(A)(7) requires an appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." An appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." *Chrzanowski v. Chrzanowski*, 2025-Ohio-2690, ¶ 12 (8th Dist.), citing App.R. 12(A)(2). *See also Pickett v. Steve's Doghouse, Inc.*, 2025-Ohio-2368, ¶ 65 (8th Dist.) ("The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."). *Rodriguez v. Rodriguez*, 2009-Ohio-3456, ¶ 7 (8th Dist.) ("[I]t is not the duty of an appellate

court to search the record for evidence to support an appellant's argument as to any alleged error."); *In re Q.S.*, 2023-Ohio-712, ¶ 103 (8th Dist.); *Story v. Story*, 2021-Ohio-2439, ¶ 30 (8th Dist.) (appellate court not obligated to construct or develop arguments for appellant or to guess at undeveloped claims); *Strauss v. Strauss*, 2011-Ohio-3831, ¶ 72 (8th Dist.) ("'If an argument exists that can support this assigned error, it is not this court's duty to root it out.'"), quoting *Cardone v. Cardone*, 1998 Ohio App. LEXIS 2028, *22 (9th Dist. May 6, 1998); *Bertalan v. Bertalan*, 2025-Ohio-1443, ¶ 77 (8th Dist.).

{¶ 16} Manning's brief simply lists these assignments of error but does not identify the error in the record or provide supportive legal arguments. Therefore, Manning's first, second, third, sixth, ninth, thirteenth (the tenant's rights violations portion), and fifteenth (the R.C. 2921.05 portion) assignments of error are overruled.

{¶ 17} As an additional matter, Manning's status as a pro se litigant does not excuse the deficiencies in her appeal. In Ohio, "pro se litigants are held to the same standard as all other litigants: they [] must accept the consequences of their own mistakes." *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 29 (8th Dist.), citing *Kilroy v. B.H. Lakeshore Co.* 111 Ohio App.3d 357, 363 (8th Dist. 1996). In this case, that consequence is that we disregard Manning's assignments of error.

{¶ 18} For the reasons stated above, we affirm the trial court's order granting CMHA's motion for summary judgment.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

EILEEN A. GALLAGHER, A.J., and
MICHAEL JOHN RYAN, J., CONCUR