[Cite as *Cleveland Hts. v. Watts*, 2026-Ohio-126.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

CITY OF CLEVELAND HEIGHTS,    :

    Plaintiff-Appellee,    :

    v.    :

MIGUEL S. WATTS,    :

    Defendant-Appellant.    :

No. 115265

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 15, 2026

---

Criminal Appeal from the Cleveland Heights Municipal Court
Case Nos. TRD2502535 and TRD2502537

---

### *Appearances:*

William R. Hanna, Cleveland Heights Director of Law, and Pamela Roessner, Assistant Prosecutor, *for appellee*.

Miguel S. Watts, *pro se*.

MICHELLE J. SHEEHAN, A.J.:

{¶ 1} This appeal arises from a traffic stop involving defendant-appellant Miguel S. Watts ("Watts") that took place within the city limits of plaintiff-appellee Cleveland Heights. As a result of the traffic stop, Watts was charged and convicted of violating several provisions of the Cleveland Heights traffic code as set forth in its

codified ordinances ("C.H.C.O.").  Watts appeals these convictions raising the following four assignments of error:

(1) The trial court erred by denying Appellant a suppression hearing, violating due process under Ohio Const. Art. 1, Section 14 and Crim.R. 12.

(2) The court imposed a sentence without proof beyond a reasonable doubt, violating Appellant's constitutional rights.

(3) The BMV and trial court misapplied commercial driver status to a private, non-commercial party, contrary to 49 U.S.C. Section 13506(a)(1-3) and ORC Section 4506.01(C).

(4) The court failed to fully accommodate Appellant's affidavit of indigency under Ohio law and constitutional provisions.

{¶ 2}  After a thorough review of the record, we overrule each of the assignments of error primarily because Watts failed to comply with the requirements set forth in App.R. 9(B) and 16(A).  Specifically, Watts did not provide this court with the transcript from the trial proceedings below as set forth in App.R. 9(B), and therefore we have a limited record for review.  Watts also failed to make any references to the record identifying the alleged errors made in the trial court in violation of App.R. 16(A)(3) as well as failed to provide any arguments supporting the contentions he presented for our review in violation of App.R. 16(A)(7).  Under App.R. 12(A)(2), we may  disregard Watts's assignments of error on these grounds alone.

{¶ 3}  Nonetheless, we also overrule assignment of error No. 1 because the document Watts alleges constitutes a "motion to suppress" failed to satisfy the minimum requirements of Crim.R. 47 and, consequently, the trial court was not

required to hold a hearing on his "motion to suppress." We overrule assignment of error No. 2 on the additional ground that we must presume the validity of the trial court proceedings without a copy of the transcript. Assignment of error No. 3 is overruled because the limited record before us demonstrates that the subject convictions only relate to violations of the Cleveland Heights traffic code and not to violations of the federal regulations argued by Watts. Regarding assignment of error No. 4, Watts's arguments pertaining to the Ohio Bureau of Motor Vehicles' failure to update his driver records and this court's alleged error in failing to grant his motion to prepare a transcript at the State's expense are not properly before this court and, therefore, assignment of error No. 4 is overruled as well. Judgment affirmed.

**Statement of Facts**

{¶ 4} In April 2025, a Cleveland Heights police officer initiated a traffic stop involving a white 2010 Jeep Patriot. Watts was identified as the driver of the Jeep Patriot. As a result of the traffic stop, Watts was issued two traffic citations consisting of six total violations of the C.H.C.O. Specifically, Watts was cited with violating the following: (1) failure to stop at a stop sign (C.H.C.O. 331.19(A)); (2) fictitious plates (C.H.C.O. 335.11(A)(1)); (3) no seatbelt (C.H.C.O. 337.27(B)(1)); (4) display of license plate (C.H.C.O. 335.06(A)); (5) unsafe vehicle (C.H.C.O. 337.01(A)); and (6) sign on windshield (C.H.C.O. 337.22(B)).

{¶ 5} On May 14, 2025, a plea of not guilty was entered into the record on behalf of Watts. Watts was also found by the trial court to be an indigent defendant.

A bench trial was held on June 5, 2025, where Watts was convicted on all charges. Watts was sentenced to fines totaling $240 plus court costs. This appeal follows.

**Law and Analysis**

{¶ 6} Initially, we are compelled to note several court rules and legal principles controlling our appellate review of this matter. Specifically, under App.R. 9(A)(1), the record on appeal consists of "the original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court." In turn, pursuant to App.R. 9(B)(1), "the duty to provide a transcript for appellate review falls upon the appellant, who bears the burden of showing error by reference to matters in the record." *Continental Ents., Ltd. v. Hunt*, 2015-Ohio-5411, ¶ 31 (8th Dist.), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). "When the transcript necessary for resolution of the assigned error is omitted from the record, the reviewing court has nothing to review and thus, 'as to those assigned errors, the court has no choice but to presume the validity of the lower's courts proceedings, and affirm.'" *Id.*, quoting *Knapp* at 199.

{¶ 7} Further, App.R. 16 sets forth the requirements for appellate briefs. App.R. 16(A)(3) requires the appellant to set forth a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." App.R. 16(A)(7) requires the appellant to include in their brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the

contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 12(A)(2) provides that "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." *Accord Manning v. Cuyahoga Metro. Hous. Auth.*, 2025-Ohio-4751, ¶ 15 (8th Dist.).

{¶ 8} Based on App.R. 9 and 16, Ohio courts have developed several guiding principles controlling our appellate review. In general, "it is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error." *Rodriquez v. Rodriquez*, 2009-Ohio-3456, ¶ 7 (8th Dist.). An appellate court is also "not obligated to construct or develop arguments for appellant or to guess at undeveloped claims." *In re Q.S.*, 2023-Ohio-712, ¶ 103 (8th Dist.). Indeed, "[t]he burden is on the appellant, not the appellate court, to construct the legal arguments necessary to support an appellant's assignment of error." *Doe v. Cuyahoga Cty. Community College*, 2022-Ohio-527, ¶ 26 (8th Dist.). In short, "'if an argument exists that can support this assigned error, it is not this court's duty to root it out.'" *Strauss v. Strauss*, 2011-Ohio-3831, ¶ 72 (8th Dist.), quoting *Cardone v. Cardone*, 1988 Ohio App. LEXIS 2028, *22 (9th Dist. May 6, 1988). Also, "absent specific references to the record, we need not consider unsubstantiated assertions." *Univ. Hts. v. Johnson*, 2022-Ohio-2578, ¶ 10 (8th Dist.).

**{¶ 9}** Additionally, it is well established that a party cannot present new issues or arguments for the first time on appeal. *Manning* at ¶ 9 (8th Dist.); *Garrett v. Cuyahoga Cty.*, 2022-Ohio-2770, ¶ 27 (8th Dist.). An appellate court generally cannot review matters not first considered by the trial court. *See id.* A reviewing court "cannot add matter to the record before it that was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Hooks*, 92 Ohio St.3d 83 (2001). Nor can "the record be enlarged by factual assertions in the brief." *State v. McCree*, 2024-Ohio-777, ¶ 28 (5th Dist.).

**{¶ 10}** Lastly, we note that Watts's status as a pro se litigant does not relieve him of his obligations as the appellant in this matter to comply with the above-set-forth-appellate rules. Indeed, it is well established that "'pro se litigants are held to the same standard as all other litigants.'" *Manning,* 2025-Ohio-4751, at ¶ 17, quoting *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 29 (8th Dist.). Pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel. *In re Application of Black Fork Wind Energy, L.L.C.*, 2013-Ohio-5478, ¶ 22.

**{¶ 11}** With these governing rules in mind, we turn to our attention to the specific assignments of error raised by Watts.

**Assignment of Error No. 1**

> The trial court erred by denying Appellant a suppression hearing, violating due process under Ohio Const. Art. 1, Section 14 and Crim.R. 12.

{¶ 12} Under this assignment of error, Watts argues that the trial court erred in denying him a suppression hearing. He further claims that the trial court "failed to docket, hear, or rule" on his motion to suppress evidence. In turn, Cleveland Heights argues that the trial court did not commit error because no motion to suppress evidence was filed by Watts. Cleveland Heights also argues that we should disregard this assignment of error because Watts failed to provide the court with a transcript. For the following reasons, we overrule this assignment of error.

{¶ 13} Our thorough review of the record reveals that a document titled "Request for Judicial Notice, Motion for Equitable Relief, Including Injunction to Prevent Future Harm" was time-stamped on May 28, 2025, and entered into the trial court's docket on May 30, 2025. Within this multipage document is a subsection titled "Motion to Dismiss or to Suppress Evidence." Additionally, within this multipage subsection, Watts makes two vague and conclusory statements requesting the "suppression of any evidence obtained through the improper stop and search." The trial court denied this motion on June 2, 2025. Thus, the trial court did not fail "to docket, hear or rule" on the document Watts alleged as a "motion to suppress."

{¶ 14} Regarding Watts's contention that he was entitled to a hearing, "[a] trial court must hold a suppression hearing if the motion meets Crim.R. 47's minimum standards." *State v. Shindler,* 70 Ohio St.3d 54 (1994), syllabus. Whether the motion to suppress satisfied Crim.R. 47's minimum

standards is a legal question. *State v. Codeluppi*, 2014-Ohio-1574, ¶ 8. Crim.R. 47 states:

> An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. *It shall state with particularity the grounds upon which it is made* and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit.

(Emphasis added.) Based on this rule, the Ohio Supreme Court has held that "'in order to require a hearing on a motion to suppress evidence, the accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided.'" *Codeluppi* at ¶ 10, quoting *Shindler* at syllabus. "Failure to include or particularly state the factual and legal basis for a motion to suppress waives that issue." *Id.*

{¶ 15} Based on our de novo review of the document Watts alleges constitutes a "motion to suppress," we conclude that Watts failed to satisfy the minimum requirements of Crim.R. 47 and, therefore, the trial court did not err in failing to hold a hearing on his "motion to suppress evidence." As noted above, Watts's "motion to suppress" was contained within a multipage document that did not identify that it contained a "motion to suppress" and merely contained two vague statements requesting that evidence be suppressed. To the extent this document could be considered a "motion to suppress," it lacked any legal or factual basis with sufficient particularity to place the prosecutor or the court on notice of any issues to be decided. This assignment of error is overruled.

**Assignment of Error No. 2**

> The court imposed a sentence without proof beyond a reasonable doubt, violating Appellant's constitutional rights.

{¶ 16} In his appellant brief, Watts only provides the following statement in support of this assignment of error: "No lawful, testimonial or documentary proof was provided that Appellant operated under commercial license requirements. Per Crim.R. 29(A) and *Shapiro v. Thompson*, 394 U.S. 618 (1969), the State bears the burden of proof."

{¶ 17} He also notes in his reply brief that the "record fails to meet this standard." However, Watts fails to identify any parts of the limited record in support of this statement or provide any further argument supporting this contention. Thus, Watts has not complied with the requirements of App.R. 16(A) and we can disregard this assignment of error pursuant to App.R. 12(A)(2). Because Watts's statement is insufficient to comply with App.R. 16, we overrule assignment of error No. 2.

{¶ 18} Additionally, we note that Watts did not provide the court with a transcript of the bench trial below. Accordingly, we must presume the validity of the proceedings below and we are unable to properly consider a challenge to the evidence.

{¶ 19} For these reasons, assignment of error No. 2 is not well-taken.

**Assignment of Error No. 3**

> The BMV and trial court misapplied commercial driver status to a private, non-commercial party, contrary to 49 U.S.C. Section 13506(a)(1-3) and ORC Section 4506.01(C).

{¶ 20} Under this assignment of error, Watts argues that he was wrongly convicted of violating commercial codes that are inapplicable to him. Watts, however, fails to identify any parts of the record supporting his assertion. Watts also fails to provide any argument supporting his contention that the trial court applied "commercial driver status to a private, non-commercial party." Thus, Watts has not complied with the requirements of App.R. 16(A) and we can disregard this assignment of error pursuant to App.R. 12(A)(2).

{¶ 21} Nonetheless, our review of the record demonstrates that Watts was only charged and convicted of violating provisions of the C.H.C.O. The limited record below contains no references by the trial court regarding an alleged "commercial driver status" or to the "laws" allegedly misapplied to Watts. For these reasons, this assignment of error is overruled.

**Assignment of Error No. 4**

> The court failed to fully accommodate Appellant's affidavit of indigency under Ohio law and constitutional provisions.

{¶ 22} Under assignment of error No. 4, Watts makes two separate arguments. First, in his initial brief, he alleges that the Ohio Bureau of Motor Vehicles failed to update his driver's record. Watts states:

> Despite receiving an affidavit with statutory citations and a stay order from the municipal court, the BMV has failed to update Appellant's record or respond. This constitutes constructive denial and is reviewable under:
>
> -       ORC § 2506.01
>
> -       5 U.S.C. § 702

-       *State v. Gardner*, 118 Ohio St.3d 420 (2008) (clarity in administrative action).

Preliminarily, we note that Watts makes no reference to any part of the record and he provides no argument in support of his contentions in violation of App.R. 16. Thus, Watts has not complied with the requirements of App.R. 16(A) and we can disregard this assignment of error pursuant to App.R. 12(A)(2).

{¶ 23} Moreover, our review of the limited record on appeal reveals that these claims were not made before the trial court and, moreover, do not relate to assignment of error No. 4 as stated by Watts. Accordingly, these claims are not properly before this court and will not be addressed. App.R. 16(A); *see also Garrett*, 2022-Ohio-2770, at ¶ 27 (8th Dist.) ("[A] party cannot raise new issues or arguments for the first time on appeal."); *Hooks*, 92 Ohio St.3d at 83 ("[A] reviewing court cannot add matter to the record before it that was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."); *McCree*, 2024-Ohio-777, at ¶ 28 (5th Dist.) ("[T]he record cannot be enlarged by factual assertions in the brief.").

{¶ 24} Additionally, in his reply brief, Watts argues that this court erred in failing to order a transcript of the trial-court proceedings to be prepared at the State's expense because of his status as an indigent criminal defendant. If Watts believed that this court improperly denied his motion to prepare transcript at the State's expense, his remedy was to file a writ of mandamus with the Ohio Supreme Court. *State ex rel. Copeland v. Judges*, 67 Ohio St.2d 1, 5 (1981) (The proper

remedy to compel the provision of a transcript is a writ of mandamus.); *Blecher v. Blecher*, 1980 Ohio App. LEXIS 13775, *10 (8th Dist. Jan. 31, 1980), citing *Konigsberg v. The Lamports Co.*, 116 Ohio St. 640, 642 (1927). Consequently, this issue is also not properly before this court.

{¶ 25} Because the issues raised in assignment of error No. 4 are not properly before this court, we overrule Watts's final assignment of error.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Heights Municipal Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, ADMINISTRATIVE JUDGE

EMANUELLA D. GROVES, J., and
SEAN C. GALLAGHER, J., CONCUR