[Cite as *Lewis v. BMW of Westlake*, 2026-Ohio-1870.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| JAMEL LEWIS, | : | |
| Plaintiff-Appellant, | : | No. 115771 |
| v. | : | |
| BMW OF WESTLAKE, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 21, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-990577

***Appearances:***

Jamel Lewis, *pro se.*

Freeman Mathis & Gary, LLP and Justin M. Croniser, *for appellee.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellant Jamel Lewis ("Lewis") appeals the trial court's granting of appellee BMW of Westlake's ("BMW") motion for summary judgment. For the reasons that follow, we affirm.

## Relevant Facts and Procedural History

{¶ 2}    On December 27, 2023, Lewis filed a pro se complaint against BMW alleging actions "for tort and conversion." While his complaint does not specify exactly what tort claim he is alleging, it appears he believed BMW is liable to him for failing to check identification or registration before making a copy of a key to a vehicle owned by Lewis, which had been stolen. Allegedly, as a result, Lewis' personal financial information was stolen and he lost his job because he was unable to transport himself. He alleges BMW participated in actions that resulted in the conversion of his property but does not allege that BMW converted his property, i.e. ever had possession of it. Lewis sought $750,000 in damages.

{¶ 3}    On December 12, 2024, BMW filed a motion for summary judgment arguing that BMW could not be held liable for the criminal acts of third parties and that Lewis submitted no evidence of BMW's negligence or that BMW converted his personal property. As such, BMW concluded that it was entitled to judgment as a matter of law. Lewis opposed the motion.

{¶ 4}    On October 2, 2025, the trial court granted BMW's motion for summary judgment.

{¶ 5}    Lewis now appeals, raising the following assignment of error:

> The trial court made a legal error by granting Summary Judgement under Ohio R.56. The trial court abused its discretion in determining that "there is no genuine issue of material fact."

We take note that, in the body of his brief, Lewis identifies a different assignment of error:

The trial court erred when the courts failed to allow the Appellant the time granted to submit a motion in opposition, using the new evidence brought forth from deposing the defense witness.

**Law and Argument**

**{¶ 6}** Lewis is appealing pro se. "'Under Ohio law, pro se litigants are held to the same standard as all other litigants.'" *Fleming v. Shelton*, 2020-Ohio-1387, ¶ 9 (8th Dist.), quoting *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 29 (8th Dist.), citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist. 1996).

**{¶ 7}** Despite Lewis' stated assignment of error regarding summary judgment, his "argument" within his appellate brief focuses solely on a different issue: namely that the trial court erred by not allowing him time to submit a motion in opposition. It is unclear exactly what motion Lewis wanted to oppose.

**{¶ 8}** The entirety of his argument is reproduced below:

This court reviews a civil claim dismissed under Civ.R.56 which provides an inclusive list of materials that the trial court has to consider when ruling a motion for summary judgment." Those materials include " ." the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. Chester/12,Ltd. V. Epiq Constr. Services, Inc. 2023-Ohio-1886 (8th Dist.) June 8, 2023)

A. The trail court improperly ruled on the claim when Spoilation of evidence was admitted on record in open court.

Ohio recognizes a Common Law Tort Of Spoliation Of Evidence. Smith v. Howard Johnson Co., Inc., 67- Ohio st.3d 28(1993) Supreme Court. Ohio Supreme Court held that intentional destruction of evidence gives rise to an independent tort when the destruction disrupts the Plaintiff's- Appellants ability to prove a case.

**{¶ 9}** In his appellate brief, Lewis cites one case concerning the summary judgment standard of review and one case stating Ohio recognizes claims for

spoliation of evidence. Lewis did not bring a spoliation-of-evidence claim in his complaint in this case. As for the summary-judgment issue, other than citing legal authority for our standard of review, Lewis cites no law demonstrating that the trial court erred in this case. Lewis makes zero arguments concerning the court's granting of summary judgment that is his stated assignment of error, nor does he make any arguments to support this denial of additional time to submit a motion in opposition.

{¶ 10} App.R. 16 sets forth the requirements for appellate briefs. App.R. 16(A)(7) requires the appellant to include in their brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Lewis' appellate brief fails to comply with App.R. 16(A)(7) as it contains no arguments or reasons to support his contentions and it has no legal citations supporting his alleged assignment of error. *Cleveland Hts. v. Watts*, 2026-Ohio-126, ¶ 10 (8th Dist.) (Defendant's "status as a pro se litigant does not relieve him of his obligations as the appellant in this matter to comply with the above-set-forth-appellate rules.").

{¶ 11} "'It is the duty of the appellant, not the appellate court, to construct the legal arguments necessary to support the appellant's assignments of error.'" *D.C. v. J.C.*, 2025-Ohio-3275, ¶ 37 (8th Dist.), quoting *Bond v. Canal Winchester*, 2008-Ohio-945, ¶ 16 (10th Dist.); *see also In re Q.S.*, 2023-Ohio-712, ¶ 103 (8th Dist.) (An appellate court is "not obligated to construct or develop arguments for

appellant or to guess at undeveloped claims."); *Doe v. Cuyahoga Cty. Community College*, 2022-Ohio-527, ¶ 26 (8th Dist.) ("The burden is on the appellant, not the appellate court, to construct the legal arguments necessary to support an appellant's assignment of error. Appellate courts are not advocates."). "'[I]f an argument exists that can support this assigned error, it is not this court's duty to root it out.'" *Strauss v. Strauss*, 2011-Ohio-3831, ¶ 72 (8th Dist.), quoting *Cardone v. Cardone*, 1998 Ohio App. LEXIS 2028, *22 (9th Dist. May 6, 1998).

{¶ 12} Lewis' failure to comply with the requirements of App.R. 16(A) permits us to disregard this assignment of error pursuant to App.R. 12(A)(2). *Watts* at ¶ 17; *Doe* at ¶ 26 (disregarding and overruling appellant's assignment of error pursuant to App.R. 12(A)(2) for failure to comply with App.R. 16(A)(7)).

{¶ 13} Lewis' assignment of error is overruled.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, A.J., and
TIMOTHY W. CLARY, J., CONCUR